BELLA WURTZMAN, Respondent, *v.* STANLEY KALINOWSKI, Appellant.

HARRY WURTZMAN, Respondent, *v.* STANLEY KALINOWSKI, Appellant.

Fourth Department, June 30, 1931.

*Frank Gibbons,* for the appellant.

*Benjamin A. Quitt* [*Carleton J. Townsend* of counsel], for the respondent.

EDGCOMB, J. This action is brought to recover damages which the plaintiffs claim to have sustained when the car in which they were riding collided with one driven by the defendant, and traveling

in the opposite direction. One party or the other violated the statute requiring the driver of a car when meeting another to keep to the right so as to insure safe passage. Each claimed that the other was at fault.

There is ample evidence to sustain defendant's contention that the driver of plaintiffs' car was on the wrong side of the road. It has been argued with much force that the verdict is against the weight of the evidence. Giving the plaintiffs the benefit of the doubt, it is a close question as to who was to blame for the accident. Under such circumstances it is especially important to keep the record free from any incompetent evidence which would tend to prejudice the jury against either party.

The court received in evidence, over defendant's objection and exception, a whisky bottle, which was found some forty-eight hours after the accident in an adjoining field, some twenty or twenty-five feet from the fence along the highway. The bottle was nearly full, and contained moonshine whisky. The inference which the plaintiffs sought to draw from this evidence, and which they apparently succeeded in inducing the jury to accept, was that the bottle belonged to defendant, and that he was drunk at the time of the accident. The only possible connection of the defendant with this bottle is the evidence of one witness who saw defendant standing near the fence after the collision, but who admits that he did not see defendant throw the bottle in the lot, or make any motion of that character. There is no evidence that defendant was drunk. He denies that the bottle belonged to him, or that he ever saw it. He testified positively that he had had nothing to drink on the day of the accident. It could with equal propriety be claimed that the bottle belonged to the plaintiffs. The receipt of this evidence was clearly error.

The error was not corrected. Had the evidence been withdrawn early in the trial when it fully appeared that it had not been properly connected with the defendant, and the jury instructed to disregard it, the mistake might possibly have been rectified. (*Gall* v. *Gall*, 114 N. Y. 109; *Holmes* v. *Moffat*, 120 id. 159; *Cole* v. *Fall Brook Coal Co.*, 159 id. 59, 65; *People* v. *Smith*, 172 id. 210, 238, 239.) But that was not done here.

It is true that the trial court refused to charge the jury that they might find that the defendant was drunk, and that the mere fact that no one smelled liquor on him did not prove that he had not been drinking, as was requested by counsel for plaintiffs. Such refusal, however, did not correct the error in the admission of the whisky bottle. The evidence was not stricken from the record, and the jury were not instructed to disregard it.

Under the circumstances, and especially in view of the close question which was presented as to who got over on the wrong side of the road, we think that the evidence was prejudicial to appellant.

When improper testimony, which has properly been excepted to, has been received during a trial, the judgment will be reversed, unless it is apparent that the verdict was not affected thereby. The rights of litigants can best be protected by adhering to such rule. (*Erben* v. *Lorillard*, 19 N. Y. 299, 302.)

The burden of showing that the error was harmless rests on the respondents. (*Greene* v. *White*, 37 N. Y. 405.)

The judgments and orders appealed from should be reversed on the law and a new trial granted.

All concur. Present — CROUCH, TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

In each case: Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.