MILTON KRECHEVSKY, Appellant, *v.* EMILIANO CAPRA et al., Doing Business as Yonkers Refrigerator Service, Respondents.

County Court, Westchester County, January 19, 1943.

*S. James Delasho* for respondents.

*Gorfinkel & Adler* for appellant.

COYNE, J. Respondents move to expunge the demand for a new trial, contained in the notice of appeal from a judgment of the Justice's Court, and to transfer the matter to the Law Calendar for disposition. In his written complaint in the lower court, the plaintiff demanded judgment against the defendants for possession of a certain Kelvinator refrigerator or the sum of $100, the alleged value thereof, and for the sum of $50 as damages for the alleged wrongful detention. The decision of the Justice reads as follows: " The plaintiff had the burden of establishing the cause of action. He has failed to sustain it. Judgment for defendants against the plaintiff, but without costs." Section 442 of the Justice Court Act, insofar as it pertains to the present case, provides that " where in an action to recover a chattel, the value of the property as fixed, together with the damages recovered, if any, exceeds one hundred dollars, the appellant in his notice of appeal may demand a new trial in the appellate court." It will be noted that the Justice did not fix the value of the chattel involved. Under the circumstances, there may have been no occasion for the Justice to fix such a value. Doubtless, the judgment was rendered in favor of the defendants upon the law and facts without any consideration of the question of value. Had a value been fixed, the rule enunciated in *Hawley* v. *Sullivan* (233 App. Div. 187) would be controlling. In the absence of such a finding, the value of the property as fixed in the complaint must determine the right to a new trial.

Motion denied, with ten dollars motion costs to plaintiff to abide the event. Submit order.