Froessel, J.
This appeal comes to us upon a submission of controversy under sections 546-548 of the Civil Practice Act. The controversy arose out of an accident which occurred on November 24,1950, in which plaintiff’s intestate was struck and killed by a truck operated by one Lester Aldrich.
Four days prior to the accident, the truck had been sold under a conditional sales contract to Aldrich (who was a minor) and his mother by Warren G. Stiker, a dealer in used cars. Aldrich took possession of the truck on that day, viz., November 20,1950, and at all times thereafter retained possession. The dealer gave permission to Aldrich, upon taking possession, to use a set of dealer’s plates, with the understanding, according to Aldrich, that they were to be returned in five days, and, according to the dealer’s salesman, in three days. Section 63 of the Vehicle and Traffic Law authorizes such permission and use for five days. The plates were on the truck at the time of the accident, and the dealer had made no attempt to reclaim them before then.
Section 63 of the Vehicle and Traffic Law and the Regulations of the Commissioner of Motor Vehicles governing such a transaction were violated by the parties. Aldrich was given a certificate of sale of a used motor vehicle — an MV 50-U form — but it was made out in his name alone, and a copy was not mailed by the dealer to the Bureau of Motor Vehicles until two days later. Aldrich did not file an application for registration until at least more than four days after the accident, and this application listed only himself as owner.
Plaintiff commenced an action against both Aldrich and the dealer. The action was defended on behalf of the dealer by his insurance company, defendant in the instant case. No defense of Aldrich was undertaken by the company. The complaint against the dealer was dismissed and a judgment was entered against Aldrich alone. The Appellate Division affirmed. On plaintiff’s appeal to this court (Switzer v. Aldrich, 307 N. Y. 56), we reversed the dismissal of the complaint against the dealer on the ground that he was estopped from denying ownership of the truck because, in violation of law, he permitted Aldrich to retain the license plates without first mailing the required statement and without inquiring whether Aldrich had applied for registration within 24 hours (Shuba v. Greendonner, 271 N. Y. 189; Reese v. Reamore, 292 N. Y. 292). Consequently, we held, the dealer could be held vicariously liable under section 59 of the Vehicle and Traffic Law.
*579 An execution on plaintiff’s judgment against Aldrich, not a named insured, was returned wholly unsatisfied. With the action against the dealer still pending, plaintiff, pursuant to section 167 (subd. 1, par. [b]) of the Insurance Law, served notice of this judgment on the dealer’s insurer and its attorneys. The insurer disclaimed liability under the policy, and, as already noted, the parties submitted this controversy to the Appellate Division.
The dealer was covered by a garage liability policy which insured against liability for damages because of bodily injury including death arising out of the following ‘ ‘ Hazards ’ ’: “ The ownership * * * or use of the premises for the purpose of an automobile dealer * * # and all operations necessary or incidental thereto-, and the ownership * * * or use of any automobile in connection with the above defined operations”. (Emphasis supplied.) An “insured” was defined by a standard omnibus clause as the named insured and “ any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission.” (Emphasis supplied.)
The insurer may thus be held responsible for Aldrich’s liability for injuries resulting from the use of the truck if such use falls within both the above-quoted clauses, i.e., it must have been within the above-defined ‘ ‘ Hazards ’ ’ and with the ‘ ‘ permission ” of the dealer-insured. Among the “Hazards” defined by the policy are the “ use of any automobile in connection with” the dealer’s “ defined operations ”, which expressly included those of “an automobile dealer * * * and all operations necessary or incidental thereto ” (emphasis supplied). Clearly, by this express language, the automobile covered need not be owned by the dealer (see Abrams v. Maryland Cas. Co., 300 N. Y. 80, 85); all that is required is that it be used, and not necessarily by him, in connection with his “ defined operations
It is common practice for automobile dealers to give permission to purchasers of their cars to use temporarily their dealers ’ license plates. Indeed, the law recognizes such practice, provides for and regulates it (Vehicle and Traffic Law, §§ 61-63). Without such permission, it would not have been possible for Aldrich to drive lawfully the truck involved here without having *580 first obtained an owner’s license, which he conld not very well have done forthwith. As a service to his customer, therefore, this dealer permitted Aldrich to place his dealer’s license plates on that truck, title to which he still retained, and to whom an unpaid balance of $184.81 was still payable. This arrangement was of benefit to the dealer as well as to the customer, and is one in connection with the business and incidental operations of the automobile dealer. Thus the “use of any automobile in connection ” with such “ operations ” is a hazard expressly covered. ‘ ‘ Any ’ ’ automobile would include the one with which we are here concerned.
Defendant insurer, indeed, does not dispute that it would be responsible for any liability which might be imposed upon the dealer, a responsibility which could only exist if Aldrich’s use were within the hazards covered by the policy. Nor could the insurer now evade such responsibility in view of its defense of the dealer in the previous action, with knowledge of all the material facts relating to any such defense which it might have had under the policy (Gerka v. Fidelity & Cas. Co., 251 N. Y. 51).
The sole issue then remaining, therefore, and the principal one urged by the insurer, is whether Aldrich was an insured as defined under the policy. If he was, the insurer is liable to plaintiff for the amount of the judgment recovered. Under the terms of the omnibus clause, the coverage of Aldrich as an insured depends on whether he was using the truck with the ‘ ‘ permission ” of the dealer. The Appellate Division was of the opinion that he was not, since ‘ ‘ title had passed and the purchaser had the absolute right to use the truck as against the seller.” As a matter of fact, title had not passed, for it had been expressly retained by the dealer.
It is of course true that ordinarily the mere use by a conditional vendee of the motor vehicle which had been sold to him, while he retained the right to possession, cannot be said to be with the permission of the conditional vendor so as to bring him within the coverage of the omnibus clause of the vendor’s insurance policy. Such a conclusion is required by the provision of section 59 of the Vehicle and Traffic Law that a conditional vendor, without more, is not an owner who can be held vicariously liable for the vendee’s operation of the vehicle. It is unreasonable to suppose that the parties to the contract intended the insurer to be liable in those instances where the named *581 insured liimself is not liable, and where no act of 1bis is responsible for making possible the use of the car by the vendee after the sale.
In this case, however, there are factors and special circumstances which distinguish it from the ordinary conditional sales situation. The above-stated reasons for holding that the omnibus clause does not cover the vendee do not here apply. The named insured in this ease, under our holding in Switzer v. Aldrich (307 N. Y. 56, supra), may be held liable, for his act in lending the license plates was responsible for making possible the use of the truck by Aldrich after the sale. That act constituted permission, and what we said in Reese v. Reamore (292 N. Y. 292, 294, supra) is as apt here as it was there: “ That he was driving with the implied permission of [the dealer] appears from the fact that [the dealer] permitted [Aldrich] to do what he pleased with the car bearing his dealer’s plates.” Without such permission, Aldrich, since he did not have his own license, could not even have legally driven the truck off the dealer’s premises.
Thus, aside from the fact that the named insured in this case, under our holding in Switzer v. Aldrich (supra), may be held liable under section 59 on the theory that Aldrich was operating the truck with his permission, the acts of the dealer here constitute the permission which brings Aldrich into the coverage of the policy, by its own terms.
The fact that the dealer did not comply with the applicable provisions of law in permitting Aldrich’s use of the truck on the public highways does not relieve the insurer of its responsibility. Indeed, in countless cases the liability of an insured arises out of some illegal act, notwithstanding which the insurer nevertheless gives protection under its policy. Inasmuch as ■the use by Aldrich was both within the hazards covered by the policy and with the permission of the named insured, the insurer cannot escape responsibility for Aldrich’s liability to plaintiff. The fact that Aldrich would not be able to recover in a suit against the dealer has no bearing on this responsibility. Such is the case in almost every situation arising under the omnibus clause.
Accordingly, the judgment below should be reversed, and judgment granted to plaintiff for the amount of the judgment she recovered against Aldrich, with lawful interest.