Burke, J.
Defendants, with the exception of G-reenlea, appeal from a judgment declaring that plaintiff, an insurer, is not legally obligated under its policy to defend and indemnify defendants Buckle, the insured, and Shoemaker, who purchased a vehicle from Buckle, against the claims of the other defendants for personal injuries and property damage, allegedly sustained as a result of a collision between the aforesaid vehicle while being driven by Shoemaker, and two other vehicles,
Twenty-three days prior to the accident, Shoemaker purchased the automobile from Buckle. At the time of the accident, the vehicle operated by Shoemaker carried the registration plates issued by the State of New York to Buckle, who, in *587 violation of section 61 of the Vehicle and Traffic Law, did not remove the number plates upon the transfer of ownership.
Under these circumstances it is settled that if sued in tort-Buckle would be estopped from denying ownership of the vehicle involved (Switzer v. Aldrich, 307 N. Y. 56; Reese v. Reamore, 292 N. Y. 292; Shuba v. Greendonner, 271 N. Y. 189).
Insofar as pertinent the policy issued to Buckle reads as follows:
“ Coverage A — Bodily Injury Liability
To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.
Coverage B — Property Damage Liability
To pay on behalf of the insured all sums which the insured shall become legally • obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile.”
The question presented by this appeal is whether, under the circumstances presented and despite the provisions of coverage in its insurance policy, the plaintiff insurer is also estopped from denying ownership of the vehicle by Buckle, and is, therefore, required to defend Buckle, the named insured, and Shoemaker, Buckle’s vendee, and to satisfy claims against them within the limits of its insurance policy.
Both Special Term and the Appellate Division found that “ Ownership and possession passed from Buckle to Shoemaker ” and that at the time of the accident Buckle, the insured, “ had no title, lien upon or other interest, in the car ”. The Appellate Division, however, reversed and granted judgment for the plaintiff. We think that decision was correct.
Our courts, as we stated, have as a matter of public policy estopped a former owner from denying ownership of the vehicle bearing his registration plates at the time of an accident in violation of the statutes regulating the use of such plates, but only when he is sued in tort by an injured party as the owner of *588 such vehicle. (Switzer v. Aldrich, supra; Shuba v. Greendonner, supra; Reese v. Reamore, supra.) There can he no question as to the soundness of the law enunciated in these cases as applied to the circumstances and facts giving rise to the litigation in each case. However, it is the application of the governing facts which support the legal principle therein. Analysis of those cases shows that if estoppel were not applied, one who had made it possible for another to commit a tort would be insulated from personal liability as a consequence of that tort. Sound public policy dictated a contrary result.
The only case where the insurer was required to defend and indemnify the vendor and the vendee who used the vendor’s registration plates on the purchased vehicle was not decided on the basis of public policy. (Switzer v. Merchants Mut. Cas. Co. 2 N Y 2d 575, decided herewith.) In that case the insurance policy coverage did protect the vendor and vendee under the circumstances presented. Hence, where, as in the case at bar, the claim is asserted under a contract, the rule dictated by public policy in a tort case may not be extended to embrace a controversy contractual in nature. This controversy presents solely the interpretation of a contract executed between the insured and the insurer.
In Chesher v. United States Cas. Co. (303 N. Y. 589, 593), this court said: “It is said that certain statutory provisions (Vehicle and Traffic Law, § 2, subd. 18; §§ 59, 94-q; Public Service Law, § 63-r) require the policy to be read as insuring McFerran. As we see it, these statutes dictate no other or different result than do the express provisions of the policy.” (Emphasis added.)
Similarly in Kuhn v. Auto Cab Mut. Ind. Co. (244 App. Div. 272, 273, affd. 270 N. Y. 587) the Appellate Division pointed out that the obligation under a policy of automobile insurance giving an owner coverage was purely contractual, unless the statute mandates a specified coverage, in the following language: “ The statutes do not provide any such coverage. Section 109 of the Insurance Law does not provide coverage to the employee or permittee of an owner of a car. That statute, therefore, does not project into the policy in suit any such coverage. Neither is there any such coverage contained in section 59 or section 17 of the Vehicle and Traffic Law. The coverage required by those statutes is coverage of the owner as the assured, for the acts' *589 of his employee or his permittee in the course of the operation of the owner’s car.” Consequently, we may not incorporate a coverage in this policy of insurance not expressly provided for by its terms. Estoppel is not an affirmative finding of ownership, but is rather a disposition of a cause upon an assumed state of facts rather than upon the real state of facts. Therefore, the estoppel cannot carry over to and estop the insurer from denying ownership by Buckle. The ownership described in the policy is synonomous with actual title not judicially or legislatively imposed ownership depending upon proof of improper usage of license plates.
We have recently held that coverage created or arising out of the ownership, maintenance or use of a described automobile ceases and terminates with the transfer of the ownership of the described automobile, unless notice has been given to the insurer and the insurer consents to the extension of coverage. (See Ireland v. Firemen’s Fund Ind. Co., 281 App. Div. 1007, affd. 1 N Y 2d 655; see, also, Lavine v. Indemnity Ins. Co., 260 N. Y. 399.)
The contract of indemnity in this case does not contain the broad assumptions of risks described and defined in the garage liability policy construed in Switzer v. Merchants Mut. Cas. Co. (supra). A garage liability policy by its terms and purposes is intended to cover the use of cars owned by persons other than the dealer and the limited use of dealers’ plates by vendees where the use and operation of the cars or the permission for the use of the plates are acts performed in furtherance of the business of a dealer. One of the services offered by a dealer in connection with the sale of a car is the temporary use of dealers’ plates. Indeed, section 63 of the Vehicle and Traffic Law permits a vendee to operate a car with dealers’ plates for five days after a sale, subject to prescribed conditions.
In Switzer v. Merchants Mut. Cas. Co. (supra) the accident occurred four days after the sale of the truck by Stiker, the dealer, to Aldrich, the vendee. The accident, having taken place within the permissible statutory period, was a risk which was assumed by the insurer, as the insurer is chargeable with knowledge of the business practices of automobile dealers.
In Switzer v. Aldrich (supra) Stiker, the insured dealer, although authorized by statute to permit use of the dealers’ plates, failed to comply and to compel the vendee to comply *590 with the conditions of the statute granting the permission. As a result of his negligence in failing to comply with the permissive statute, Stiker was estopped from denying ownership. Liability attached as far as the insurer was concerned, not because of an estoppel but because of the express provisions of the policy. The distinction between the tort liability of the insured and the contract liability of the insurer is thus apparent. In the Switzer cases (supra) the policy issued to the dealer was designed to protect the dealer and the vendee operating the car with the dealer’s plates during the permissive statutory period, against any negligence of the dealer, including the failure of the dealer or his employees to require compliance with all the conditions of the statute. Aldrich, the vendee, was operating the car with the permission of the dealer, Stiker, a permission which Stiker was authorized by statute to extend to Aldrich and hence the use of the car was with the permission of the dealer, a use and permission covered specifically by the garage liability policy.
Under the terms of the combination automobile policy, the defendant Buckle cannot bring about an estoppel which would, after the sale of a car by a nondealer, carry over and become part of the insurance contract between Buckle and the plaintiff by «the performance of an impermissible act. Permission for the use of the plate was a violation of section 61 of the Vehicle and Traffic Law, which requires the removal of the number plates from the car upon the sale of the car. No undertaking to defend and indemnify Buckle for any claims made against him arising out of the use of the automobile by Shoemaker, as owner, while utilizing the number plates issued to Buckle, can be found in the language of the policy. Such an undertaking cannot be presumed to have been contemplated by the parties at the time of the issuance of the policy.
In Abrams v. Maryland Cas. Co. (300 N. Y. 80) the rule of law applied was supported by the special circumstances of that case, i.e., the insured after the sale continued to use the car in its own business.
Buckle at the time of the collision was not the owner of the car (Vehicle and Traffic Law, § 59) nor was the use of the car under the direction or control of Buckle within the meaning of the “ ownership, maintenance or use ” provisions of the contract.
*591 Therefore, no coverage under the terms of this policy of insurance issued exists in favor of Buckle or Shoemaker to defend or indemnify them against the claims of the defendants.
Accordingly, the judgment of the Appellate Division should be affirmed, with costs.