■ JAMES MARTIN, Respondent, v. JOHN W. LEWIS et al., Defendants, and EUGENE SKINNER, Doing Business as S. & S. PAPER CO., Appellant.— Judgment in favor of plaintiff-respondent in the sum of $5,220 in an action for personal injuries, reversed, on the law, on the facts and in the exercise of discretion,

and a new trial ordered, with costs to defendant-appellant. Plaintiff-respondent's assigned reasons for calling as a witness defendant-appellant's trial counsel are specious. Where, as here, prejudicial testimony is clearly inadmissible, objections to the questions should have been sustained. The subsequent striking of the testimony did not eliminate possible prejudice, which should always be guarded against and here was unnecessarily introduced. Concur — Valente, J. P., McNally and Eager, JJ.; Stevens and Bergan, JJ., dissent and vote to affirm in the following memorandum by Stevens, J.: The trial here was for assessment of damages, summary judgment having been granted by a prior order entered May 25, 1960. There is no prohibition against the calling as a witness by an attorney of his adversary's counsel. I agree that the questions asked are irrelevant and immaterial and objections thereto should have been sustained. However, in the view I take, there is no showing by defendant of prejudice resulting therefrom. The court may take judicial notice that under chapter 655 of the Laws of 1956 former section 93-b of the Vehicle and Traffic Law (now § 312) required that commencing January 1, 1957 all vehicles have insurance. The accident claimed in the instant case allegedly occurred on May 3, 1957, and even if defendant's contention is correct (which plaintiff disputes) it is difficult to see how he was prejudiced thereby.