Manuel W. Levine, J.
This motion for a stay of arbitration is denied after a hearing directed by the Honorable Justice Daniel Gr. Albert.
The claimant was injured in a two-car collision on January 29, 1967, while a passenger in a car owned and operated by Mary Cohen. The other vehicle was owned by Leona Teuten and operated by John Merriam.
An action was commenced for personal injuries by claimant against Teuten, Merriam and Cohen. Thereafter, by letter dated May 16, 1967, Northwestern National Insurance Company advised that the insurance on the Cohen vehicle had been can-celled effective May 13, 1966. The claimant then filed a demand for arbitration against Liberty Mutual Insurance Co., respondent, under the accident indemnification endorsement to her husband’s policy.
The only issue of fact raised by the papers is whether or not the Northwestern policy covering the Cohen car was duly *650 cancelled. TLe evidence adduced on the hearing shows that the notice of cancellation was mailed on April 29, 1966, to be effective May 13, 1966. This meets the requirements of section 576 of the Banking Law. The claim by Mrs. Cohen that she did not receive the notice is overcome by the testimony of her broker, Mr. Lamm, that she knew of the cancellation when he spoke to her about it shortly after receiving a copy of the notice.
In the brief after the hearing Liberty Mutual tries to raise the issue of whether two payments received by the finance company were returned to Mrs. Cohen. Warren G. Becker, an employee of the finance company in charge of its records, testified that from the account it appeared that the payments had been returned. This is sufficient to defeat Liberty Mutual’s last-minute contention in view of the fact that there is no evidence whatsoever that the late payments were not returned.
In addition to the foregoing contentions, Liberty Mutual claims that Mildred Klosowsky must wait the outcome of her action against Teuton and Merriam before pursuing arbitration. This is based on section 600 of the Insurance Law which reads in part as follows: “The legislature determines that it is a matter of grave concern that such innocent victims are not recompensed for the injury and financial loss inflicted upon them and that the public interest can best be served by closing such gaps ”. While this avowed purpose might lend itself to the aforesaid contention, the balance of article 17-A of the Insurance Law and subdivision 2-a of section 167 must be read in conjunction therewith as well as the Automobile Accident Indemnification Endorsement. It is clear that the Legislature did not mandate that an ‘ ‘ insured ’ ’ must exhaust any other remedy. In the instant matter the claimant is an “ insured ’ ’ as distinguished from “ qualified person.” It is to be pointed out that a person has a common-law right to sue the party of his choice and if the Legislature intended to change this they should have done so in unequivocable language. This they did not do.