■ In the Matter of the Arbitration between ROBERT J. POWERS et al., Respondents, and CONTINENTAL INSURANCE COMPANY, Appellant.— MEMORANDUM BY THE COURT. Appeal from an order of the Supreme Court which denied carrier's application for a stay of arbitration. The petition asserts (par. "9") that the owner and operator of the automobile which struck claimants' vehicle are known, they being, in fact, the defendants in an action brought by claimants, alleging that defendants' vehicle was struck by an unidentified car and propelled into their automobile; and consequently that a hit-and-run automobile, as defined in the policy issued by petitioner, is not involved. This contention is without merit. (*Motor Vehicle Acc. Ind. Corp.* v. *Eisenberg,* 18 N Y 2d 1.) The other ground for the relief sought by the petition (par. "10") is that the action against the known owner and operator was commenced without petitioner's written consent and consequently that coverage is excluded under paragraph "(b)" of the "Exclusions" set forth in the policy, providing that the "policy does not apply * * * (b) to bodily injury to an insured * * * with respect to which such insured * * * shall, without written consent of the company, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable therefor". This contention is no longer urged. There seems to be no basis for appellant's additional contentions, subsequently raised, including its assertion that it "was not the legislative intent, nor was it the intent of the insurance contract to afford protection * * * as long as there was an identified and insured tort-feasor"; as the statute clearly contemplates an independent recovery, within the prescribed monetary limitations, on account of the negligent operation of the unidentified automobile (Insurance Law, § 167, subd. 2-a). Order affirmed, with costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by the court.