ANGELO NATOLI, an Infant, by His Guardian Ad Litem, JOHN NATOLI, et al., Respondents, v VINCENT RUSSO et al., Respondents, and ANTHONY ROSATI, Appellant. (Action No. 1.) ROBERT GIANINO et al., Respondents, v VINCENT RUSSO et al., Respondents, and ANTHONY ROSATI, Appellant. (Action No. 2.)—In consolidated negligence actions to recover damages for personal injuries, etc., the defendant Anthony Rosati appeals from an order of the Supreme Court, Kings County, dated September 6, 1978, which set aside a jury verdict in favor of said defendant and ordered a new trial. Order affirmed, without costs or disbursements. We agree with the trial court that its inadvertent failure to cover the name of the liability insurance carrier of one defendant, while covering the name of the insurer of the other defendant, served to impermissibly prejudice the former defendant. In an intersection accident case tried without the benefit of impartial witnesses, the fact that the jury returned a verdict finding 100% liability against the defendant whose insurer was accidentally disclosed, is a strong indication that the jurors were aware of this information and that it had an improper influence in the decision-making process. Accordingly, in the

interests of justice, a new trial is warranted (see *Lynch v Ford,* 60 AD2d 880; see, also, Richardson, Evidence [Prince, 10th ed], § 169). Mollen, P. J., O'Connor, Rabin and Gulotta, JJ., concur.