■ HAYDEE SANTANA, as Administratrix of the Estate of CANDIDO SANTANA, Deceased, Appellant, v ONEIDA MOTOR FREIGHT, INC., et al., Respondents. — In a wrongful death action, plaintiff appeals from a judgment of the Supreme Court, Kings County (Leggett, J.), dated February 23, 1982, which was in favor of the defendants, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. At approximately 5:30 A.M. on October 25, 1975, defendant Glenn Decker was driving his tractor trailer in a southerly direction along the New York State Thruway. It was completely dark and Decker was traveling at approximately 55 miles per hour with his headlights on low beam. Suddenly, about 50 feet ahead of him, Decker saw plaintiff's decedent walking or jogging along the center line separating the two southbound lanes. Decker testified that when he saw plaintiff's decedent, he tried to move to the right "but it was impossible to move very far".

The tractor trailer hit and killed plaintiff's decedent. The record does not reveal why plaintiff's decedent was on the Thruway. At trial, the defense called State Trooper Jeffrey T. Membel who investigated the accident. Defense counsel asked the trooper if he remembered the accident and, in response, he said: "I recall the incident quite vividly, sir, because I was only a few miles from the location myself and I had thought to myself that if he had not hit the individual perhaps I would have." The trial court immediately attempted to cure the devastating effect of the witness' statement upon the plaintiff's case by ruling: "I'll strike it. Disregard the balance of the witness' answer, ladies and gentlemen. You understand the portion that's to be? What might have happened to him is to be disregarded." Plaintiff thereafter moved for a mistrial but the motion was denied by the Trial Judge upon the ground that he was satisfied that the jury understood his corrective instruction and that the prejudicial effect of the remark was cured thereby. We disagree. The trooper's remark was so prejudicial that the Trial Judge's corrective instructions though delivered promptly, could not cure the substantial harm that had already been caused (see *De Cicco v Methodist Hosp. of Brooklyn,* 74 AD2d 593; *Barone v 111 East 39th St. Corp.,* 38 AD2d 797; *Martin v Lewis,* 12 AD2d 750). Trooper Membel's remark clearly suggested to the jury that the truck driver could not have been at fault since no one — not even a State trooper driving a vehicle considerably easier to control than a tractor trailer — could have avoided hitting plaintiff's decedent. The prejudicial impact of that message was compounded by Trooper Membel's prior testimony that he had had 13 years' experience as a State trooper. In this comparative negligence case, the degree of care exercised by the defendant truck driver was the crucial issue (see CPLR 1411). State Trooper Membel's remark directly related to that issue. Under the circumstances here present, we cannot agree that the trial court's instructions cured the harm. The prejudicial content of the remark was too substantial and its relation to the outcome of this case too direct (see *Simpson v Foundation Co.,* 201 NY 479; *Lynch v Ford,* 60 AD2d 880; see, also, *Wurtzman v Kalinowski,* 233 App Div 187). Under the facts of this case it cannot be said that the evidence of defendant Decker's lack of fault was so overwhelming that Trooper Membel's statement could not have affected its outcome (see *Simpson v Foundation Co., supra; Lynch v Ford, supra;* cf. *Croff v Kearns,* 29 AD2d 703, affd 22 NY2d 718). Decker testified that he was using his low beam headlights at the time of the accident and that they provided 200 feet of visibility. He conceded, however, that he did not see plaintiff's decedent until he was 50 feet away from him, at which point he "tried to move over but it was so quick that it was impossible to move very far". This testimony could conceivably have supported plaintiff's contention that Decker was at least partially at fault in causing the accident. Damiani, J. P., Gulotta, O'Connor and Brown, JJ., concur.