■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD P. CELESTE, Appellant. — Appeal from a judgment of the County Court of Albany

County (Clyne, J.), rendered August 2, 1982, upon a verdict convicting defendant of the crime of assault in the third degree. Defendant was charged in a three-count indictment with criminal conduct for his activities involving the three-year-old son of a woman he was dating. The first count of the indictment accused defendant of assault in the second degree (Penal Law, § 120.05, subd 1) for intentionally causing serious physical injury to the child by striking him in the groin and genital area during the period of December 7 through December 11, 1981. The second count also charged defendant with assault in the second degree (Penal Law, § 120.05, subd 2) for intentionally causing physical injury to the child by means of a dangerous instrument, i.e., defendant's hands. The final count accused defendant of assault in the third degree (Penal Law, § 120.00, subd 2) for having recklessly caused physical injury to the child. Following a trial, defendant was acquitted of the two counts charging him with intentional conduct but found guilty of recklessly injuring the child by striking him in the groin and genital area. A determinate one-year sentence was imposed and this appeal by defendant ensued. Defendant's attempt to challenge the sufficiency of the evidence presented against him is without merit. While we agree with defendant's contention that the proof indicating that he struck the child in the groin or genital area was entirely circumstantial in nature, a question of law has not been preserved for our review since defendant did not ever move to challenge the legal sufficiency of the evidence regarding the third degree assault charge upon which he was convicted (see CPL 470.05, subd 2; cf. *People v Weston,* 92 AD2d 945). Nor are we moved to address this issue and reverse defendant's conviction as a matter of discretion in the interests of justice (see CPL 470.15, subd 6) since a review of the circumstantial evidence case against defendant satisfies us that his guilt was proven beyond a reasonable doubt (see *People v Bell,* 94 AD2d 894). Defendant's attempt to classify those injuries discovered upon medical examination of the victim on December 11, 1981 as a continuation of the injuries admittedly sustained by the child prior to the December 7 to December 11 period covered by the indictment is simply not supported by the record. While all of the injuries involved the child's genital area, detailed testimony by those who monitored his health during the period in issue amply supports the conclusion reached by the jury that the child suffered new injuries during the period covered by the indictment for which defendant was criminally responsible. While defendant did not challenge the sufficiency of the evidence against him on the charge of third degree assault, he did make pretrial and trial motions to dismiss the second count of the indictment charging him with second degree assault on that ground. The basis for these motions was defendant's contention that his hands could not constitute the deadly weapon or dangerous instrument needed to commit the crime of assault in the second degree within the provisions of subdivision 2 of section 120.05 of the Penal Law (see Penal Law, § 10.00, subds 12, 13). However, in view of defendant's ultimate acquittal on this count of the indictment, we see no reason to pass upon the merits of that issue on this appeal since any error committed by the trial court in allowing the jury to consider that count was harmless. Also urged as a basis for reversal is the trial court's refusal to declare a mistrial following prejudicial hearsay testimony given by one of the prosecution's witnesses. Investigator Barbone was one of two police officers who questioned defendant prior to his arrest. At trial, Barbone testified that defendant expressed concern that the child involved needed more discipline and that he was disturbed by the fact that the boy always had his hands inside his pants. Barbone stated that defendant had said he would "swat" at the boy's hands when they were around his genital area in order to keep them away. The other officer who questioned defendant,

Investigator Martin, testified after Investigator Barbone. In response to a question by the prosecutor concerning any statements defendant may have made in his presence, Investigator Martin replied: "At that point I went back out of the room and the last time I went into the room, Investigator Barbone was finishing up the interview and stated that he and [defendant] had come to an agreement. That besides what I had listened to originally that there were occasions when [defendant] had struck the child in the groin area." Immediately following this testimony, the jury was instructed to disregard Investigator Martin's answer. CPL 280.10 (subd 1) provides that a court must grant a defendant's motion for a mistrial "when there occurs during the trial an error or legal defect in the proceedings * * * which is prejudicial to the defendant and deprives him of a fair trial". A review of the record in this case satisfies us that the trial court acted properly in denying defendant's motion for a mistrial. The prejudicial statement given by Investigator Martin was unexpected and not the product of any improper conduct by the prosecution. Once the statement was made, the trial court immediately gave curative instructions in an attempt to remove the prejudice (see *People v Patterson,* 83 AD2d 691). While prompt curative instructions will not avoid the necessity of declaring a mistrial where the prejudicial remark is of such a magnitude that the defendant's fundamental right to a fair trial has been violated, we do not find such a violation in the instant case. Investigator Martin was simply giving hearsay testimony of what he recalled Investigator Barbone saying had transpired between defendant and Barbone. Since the jury had already heard Investigator Barbone give his firsthand account of the conversation he had with defendant, it does not appear that the prejudice resulting from Martin's hearsay comment was incapable of being cured (cf. *Santana v Oneida Motor Frgt.,* 91 AD2d 627). The remaining arguments advanced by defendant have been examined and found to be without merit. Accordingly, defendant's conviction of the crime of assault in the third degree should be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.