OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the judgment of the Supreme Court, Kings County, reinstated.
In this declaratory judgment action, Hartford Insurance Group seeks a declaration that it is not obligated to defend 18th Avenue Garage, Inc. (Garage), its named insured under a Garage Hazard No. 1 policy, in negligence and wrongful death actions in which Garage is a named defendant, arising from the alleged negligent operation of a vehicle sold by Garage to defendant Dennis Schwartz. The Appellate Division held that Hartford had no duty to defend or indemnify Garage because the circumstances surrounding the sale of the offending vehicle clearly indicated that the parties intended that title to the vehicle pass at the time of the sale. In that court’s view, the vehicle therefore was not owned by Garage at the time of the accident and thus was not a "covered auto” under the policy notwithstanding that Garage’s dealer license plates remained on the car.
We disagree and now reverse.
The determinative issue is not whether Garage was the "owner” of the offending vehicle at the time of the occurrence, or whether the omnibus clause of the Hartford policy extended coverage to Schwartz. Rather, the issue is whether the policy, by its terms, provides coverage to Garage in respect to this occurrence.
The policy names Garage, a used car dealer, as the insured, identifies its business as "auto dealer,” and provides that Garage "is insured for any covered auto”. Liability coverage is provided in connection with the "garage operations” of the insured for any "covered auto”. A "covered auto” is expressly *734 defined to include "any auto”, as distinguished from "owned autos only”, "owned private passenger autos only” and other descriptions of "covered autos” contained in Item Three of the policy. The phrase "garage operations” is defined to include "the ownership, maintenance or use of autos indicated * * * as covered autos * * * [and] also [to] include all operations necessary or incidental to a garage business”.
It is clear from these policy provisions that there is no necessity for a vehicle to be "owned” by Garage in order for it to be a "covered auto” (see, Abrams v Maryland Cas. Co., 300 NY 80, 85) and that "any auto” is a "covered auto” if it is maintained or used in the insured’s defined operations, which include all operations "necessary or incidental” thereto (Switzer v Merchants Mut. Cas. Co., 2 NY2d 575, 579). The question then is whether the auto was being used in an operation "necessary or incidental” to the insured’s used car dealership.
We have had occasion previously to remark upon the broad coverage provided by a garage liability policy such as the one at issue here, noting that such a policy "by its terms and purposes is intended to cover the use of cars owned by persons other than the dealer and the limited use of dealers’ plates by vendees where the use and operation of the cars or the permission for the use of the plates are acts performed in furtherance of the business of a dealer. One of the services offered by a dealer in connection with the sale of a car is the temporary use of dealers’ plates” (Phoenix Ins. Co. v Guthiel, 2 NY2d 584, 589). In Switzer v Merchants Mut. Cas. Co. (2 NY2d 575, supra), a case decided the same day as Phoenix, we observed that "[i]t is common practice for automobile dealers to give permission to purchasers of their cars to use temporarily their dealers’ license plates. Indeed, the law recognizes such practice, provides for and regulates it (Vehicle and Trafile Law, §§ 61-63 [now §§ 415, 416])” (id., at p 579).
Vehicle and Traffic Law § 416 permits a purchaser to operate a newly purchased vehicle on public highways for five days following purchase, provided that, among other things, the dealer plates are attached to the vehicle. Indeed, whether or not there had been a sale here, the only way Schwartz could lawfully drive the vehicle before having obtained his own license plates was with Garage’s plates attached. Therefore, in permitting Schwartz to use the dealer plates, an arrangement that benefited both Schwartz and Garage, Garage was rendering a service to its customer that constituted an act "necessary or incidental” to its business (see, Phoenix *735 Ins. Co. v Guthiel, 2 NY2d 584, 589, supra; Toker v The Hartford, 60 AD2d 251). This act was a risk assumed "by the insurer, as the insurer is chargeable with knowledge of the business practices of automobile dealers” (Phoenix Ins. Co. v Guthiel, 2 NY2d 584, 589, supra).
We hold therefore that Hartford is obligated under the policy provisions to defend Garage and indemnify it if necessary.
Dairylea Coop. v Rossal (64 NY2d 1) does not require a different result. There we said that "[a] registered owner who transfers a vehicle without removing the license plates is estopped as against an injured third party from denying ownership, but the estoppel does not prevent his insurance carrier from denying ownership within the meaning of thé policy as against another carrier” (id., at p 10). Here, in a dispute between the carrier and its insured, where the occurrence is within the coverage of the policy, no question of estoppel is presented.