■ SANDRA J. CONSTABLE, Individually and as Conservator for ROBERT CONSTABLE, Appellant, v ANDREW M. MATIE, Defendant, and WEST SENECA FORD, INC., Respondent. (Appeal No. 1.) [608 NYS2d 133] —Appeal unanimously dismissed without costs *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Set Aside Verdict.) Present—Green, J. P., Balio, Fallon and Davis, JJ.

■ SANDRA J. CONSTABLE, Individually and as Conservator for ROBERT CONSTABLE, Appellant, v ANDREW M. MATIE, Defendant, and West Seneca Ford, Inc., Respondent. (Appeal No. 3.) [608 NYS2d 10] —Judgment reversed on the law without costs and new trial granted. Memorandum: On October 9, 1986, a vehicle driven by Robert Constable collided with a 1977 Buick Regal driven by defendant Andrew M. Matie. Plaintiff commenced this action to recover damages for injuries sustained by Robert in the accident. One of the central issues at trial was whether the Buick Regal was owned by Matie or defendant West Seneca Ford, Inc. Shortly before the accident, Matie had arranged to purchase the Buick from West Seneca Ford. The position of plaintiff and Matie was that the transfer of ownership had not been completed at the time of the accident. The jury found, however, that the vehicle

was not owned by West Seneca Ford at the time of the accident. Judgment was entered on the jury's verdict and post-trial motions by plaintiff and Matie to set aside the verdict and for a new trial were denied.

There must be a new trial because Supreme Court erred in admitting evidence that Matie obtained insurance coverage on the vehicle prior to the accident. In a negligence action, evidence that a defendant carries liability insurance is usually irrelevant and generally considered so prejudicial as to require a mistrial *(see, Kowalski v Loblaws, Inc.,* 61 AD2d 340). As the dissent points out, evidence of insurance coverage may be admissible if relevant to a material issue, such as ownership *(see, Leotta v Plessinger,* 8 NY2d 449, 461-462; *see also, Oltarsh v Aetna Ins. Co.,* 15 NY2d 111, 118). That exception to the general rule precluding evidence of insurance, however, is not without limit. Evidence relevant for the purpose of showing ownership may nevertheless be excluded if "the risk of confusion or prejudice is so great as to outweigh the advantage in receiving it (see 29 Am Jur 2d, Evidence, § 262; *Nappi v Falcon Truck Renting Corp.,* 286 App Div 123, 126-127)" *(Lynch v Ford,* 60 AD2d 880, 881; *see also, Levo v Greenwald,* 107 AD2d 991, 992-993, *affd* 66 NY2d 962; *Griffin v Corporation of Church of Assumption,* 14 AD2d 620).

Here, because it was necessary for Matie to secure insurance in order to obtain the temporary registration for the Buick Regal, the probative value of evidence that Matie was insured for the purpose of proving ownership was far outweighed by its prejudicial impact. We cannot agree that the court's curative instruction removed the harm. The prejudicial impact of the evidence of Matie's insurance coverage "was too substantial and its relation to the outcome of this case too direct" *(Santana v Oneida Motor Frgt.,* 91 AD2d 627, 628; *see also, Lynch v Ford,* 60 AD2d 880, 881, *supra).* Further, the error in admitting that evidence was compounded by the court's ruling excluding evidence of West Seneca Ford's insurance coverage. Admitting evidence that one defendant had insurance coverage while precluding evidence that another defendant also had coverage was so prejudicial as to require a new trial *(see, Natoli v Russo,* 67 AD2d 701).

All concur except Balio, J., who dissents and votes to affirm in the following Memorandum:

Balio, J. (dissenting). I respectfully dissent. Evidence that a party obtained insurance coverage on a particular vehicle is relevant to establish ownership of that vehicle and such

evidence is admissible irrespective of the fact that its admission may be prejudicial *(see, Oltarsh v Aetna Ins. Co.,* 15 NY2d 111, 118; *Leotta v Plessinger,* 8 NY2d 449, 461-462, *rearg denied* 9 NY2d 688). As the Court of Appeals observed in *Leotta (supra,* at 461-462): "Ordinarily whether a defendant has or has not obtained insurance is irrelevant to the issues, and, since highly prejudicial, therefore, inadmissible. *(Simpson* v. *Foundation Co.,* 201 N. Y. 479; *Lindboe* v. *Syracuse Tr. Co.,* 175 Misc. 396.) However, if this fact is relevant to one of the material issues, it cannot be excluded on the ground that it may be prejudicial [citations omitted]. For example, it has been held proper to admit evidence that defendant insured the premises in question in order to prove that he either owned or controlled them *(McGovern* v. *Oliver,* 177 App. Div. 167; *Martyn* v. *Braun,* 270 App. Div. 768)."

Although prejudicial to some extent, the court properly admitted evidence that defendant Andrew M. Matie obtained insurance covering the vehicle he was operating. Further, the court issued a strong and unambiguous curative instruction that the jury was to consider such evidence solely on the issue of ownership, thereby alleviating any prejudice that might be suffered on other issues.

Supreme Court properly sustained the objection of defendant West Seneca Ford, Inc., to the admission of evidence that it had insurance policies in effect covering the vehicle operated by Matie. West Seneca Ford's policies did not list that vehicle as a covered automobile; those policies covered any vehicle "owned" by West Seneca Ford. Thus, the existence of those policies would become relevant only after proof of ownership is established and had no probative value in establishing which defendant owned the vehicle on the date of the accident. *Natoli v Russo* (67 AD2d 701), which is relied upon by the majority, is inapposite. That case did not concern the question of the admissibility of relevant evidence.

The jury's determination that Matie, not West Seneca Ford, was the owner of the vehicle was supported by the evidence. "Title to a motor vehicle passes when the parties intend that it pass *(Bornhurst v Massachusetts Bonding & Ins. Co.,* 21 NY2d 581)" *(Fulater v Palmer's Granite Garage,* 90 AD2d 685). "Generally ownership is in the registered owner of the vehicle or one holding the documents of title" but that presumption may be rebutted based on the intention of the parties as shown by the circumstances *(Fulater v Palmer's Granite Garage, supra,* at 685; *see also, Matter of Vergari v Kraisky,* 120 AD2d 739; *Hartford Ins. Group v Rubinshteyn,* 101 AD2d 826,

827, *revd on other grounds* 66 NY2d 732, *rearg denied* 67 NY2d 647). Here, the evidence shows that the parties intended that title pass several days before the accident.

Supreme Court did not err in giving a missing witness charge concerning the failure of Matie to testify *(see, Farrell v Labarbera,* 181 AD2d 715). The fact that Matie's pretrial testimony was read into the record did not constitute a waiver of West Seneca Ford's right to request the missing witness charge *(see, Farrell v Labarbera, supra,* at 716).

In my judgment, the award for future pain and suffering is excessive, in that it deviates materially from what would be reasonable compensation *(see,* CPLR 5501 [c]) to the extent it exceeds $5,000,000, and the award for lost wages is likewise excessive to the extent that it exceeds $440,000. Thus, I would set aside the verdict against Matie and direct a new trial on the issue of damages only unless, within 30 days of service of a copy of the order of this Court with notice of entry, plaintiff stipulates to accept those reductions. (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—Negligence.) Present—Green, J. P., Balio, Fallon and Davis, JJ.