OPINION OF THE COURT
Arthur S. Hirsch, J.
On April 1, 1972, F.M.I. Management, Inc. (FMI) entered into a contract with plaintiff Ronconi Data Services, Inc. (Ronconi), in which it was agreed that Ronconi would purchase all of FMI’s operating assets and that FMI would thereafter cease the active conduct of its business. FMI turned over to Ronconi, among other assets, a 1971 Volkswagen automobile which from the date of the execution of the contract was used exclusively by Ronconi in the operation of its newly acquired business. One Stephen Kent, who had previously been an employee of FMI, became an employee of Ronconi in the capacity of messenger/chauffeur. On June 20, 1972, while acting within the scope of his employment with Ronconi, Mr. Kent, driving the Volkswagen, was involved in an accident which injured a pedestrian.
FMI had the subject vehicle insured through Travelers Indemnity Company (Travelers). It did not cancel the policy when it turned over the vehicle to Ronconi. Travelers’ policy contained a clause extending coverage to any person or corporation using the vehicle "owned” by FMI, providing such use was with permission and consent of FMI. Ronconi had blanket insurance with Allstate covering all vehicles operated by Ronconi in its business.
To complicate matters, the sale contract of April 1, 1972 did not include the Volkswagen in the list of assets purchased by Ronconi. However, it is not controverted that the automobile was physically turned over to Ronconi, who used it from April 1, 1972 for business use. As a further complication, at the time of the accident, the vehicle still carried the registration plates issued to FMI and the Motor Vehicle Bureau had not been notified of the transfer. Following the accident, on June 27, 1972, FMI filled out and submitted a MV-104 form to the *245 Motor Vehicle Bureau. On July 14, FMI arranged to deliver the transfer/renewal stub to Ronconi in return for the license plates and a check to reimburse FMI for current installment loan payments it had made on the Volkswagen from April through July.
As a consequence of the accident on June 20, an action was initiated by the injured party against Ronconi, Stephen Kent and FMI. Travelers refused to defend Ronconi and Kent and assigned counsel only to FMI, while Allstate assigned counsel to Ronconi and Kent. The action was settled for the sum of $60,000, Travelers and Allstate each contributing $30,000 without prejudice to seeking a resolution to the instant third-party action, in which Ronconi and Kent are the designated plaintiffs and Travelers is the defendant.
The agreed statement of facts was submitted, plaintiff Ronconi asking the court basically (a) for judgment declaring that Travelers was required to defend Ronconi and Kent in the negligence action, (b) that Travelers is to be held liable for the full damages as carrier for its insured FMI and (c) that Travelers, having paid one half of the settlement, is to reimburse Allstate for the share it paid, plus interest and costs of litigation.
Travelers takes the position that title of the automobile passed to Ronconi on April 1, 1972, the date of the execution of the contract of sale and the date of the physical turnover of the car. To support their contention that the Volkswagen was not an "owned automobile” of FMI and therefore not within the limits of the policy coverage, they argue that, even though the car was not on the list of the transfer assets, the intent of the parties was concretized with the physical act of transferring the car and by the evidence that Ronconi made no additional payments to FMI for the automobile other than to reimburse it for car loan payments.
Ronconi, by its attorneys assigned by Allstate, supports the position that FMI was the actual title owner of the automobile at the time of the accident, pointing to the following: the exclusion of the Volkswagen on the list of assets in the contract of sale; the filing by FMI of the MV-104 form which listed Travelers as the carrier insuring the car, with an attached letter stating that FMI was in the process of transferring said vehicle to Ronconi and that the license plates and registration stubs were not exchanged until after the accident.
Travelers relies on Phoenix Ins. Co. v Guthiel (2 NY2d 584), *246 in which it was held that one who sells a car but fails to remove his license plates, as required by statute, is estopped, when sued in tort for damages resulting from the negligent operation of the vehicle by the transferee, from denying ownership of the vehicle. The imposed liability of the transferor, the Phoenix court ruled (p 589), did not carry over as a contract liability of the carrier by reason that the legislative "ownership” imposed upon the transferor because of improper usage of license plates is not synonymous with actual "title” described in the policy.
Two more recent Court of Appeals cases were discussed at length by both parties’ attorneys in their arguments presented to the court, Hartford Acc. & Ind. Co. v Smith (43 NY2d 808) and Nationwide Mut. Ins. Co. v Liberty Mut. Ins. Co. (43 NY2d 810). In those cases, each dealing with the sale of an automobile involved in an accident, there were varying indicia of the sale, but in both cases, the sellers’ license plates were on the cars at the time of the accident. The Court of Appeals in both instances found these cases distinguished from Phoenix in that title had not passed when the injury occurred, as it had in the Phoenix case, and, in view of that finding, the court, in the recent cases, did not believe it necessary to reconsider the issue of carrier liability, which was determined in Phoenix. Two of the Judges, in a concurring memorandum, opined that Phoenix should be overruled, reasoning that when an insured is estopped from denying ownership and is thus held liable in a negligence action, coverage under an insurance policy should extend to such liability.
Careful study of all three cases reveals that the rights of an injured person as against either buyer or seller of an accident vehicle were the courts’ primary concern. In ruling on this narrow issue, the Phoenix court resorted to a public policy principle, stating (p 588): "if estoppel were not applied, one who had made it possible for another to commit a tort would be insulated from personal liability as a consequence of that tort. Sound public policy dictated a contrary result.” But the instant case has gone a step beyond. The injured party is no longer involved, having accepted a monetary settlement for her damages. FMI, which, in line with Phoenix, is estopped from denying ownership of the automobile, nevertheless had a contractual relationship with Ronconi which must be analyzed.
It has not been refuted that the two corporations entered *247 into an agreement whereby Ronconi purchased all of FMI’s business. The court views the omission of the Volkswagen from the list of transferred assets as an oversight, evidenced by the acts of the parties, the one in turning over the car on the date of the contract and the other in using the automobile from that date in conducting its newly purchased business.
FMI’s "ownership” of the vehicle made it liable to the injured party, solely by virtue of its violation of the provisions of the Vehicle and Traffic Law in failing to remove the registration license plates of the car after transferring it to Ronconi (Switzer v Aldrich, 307 NY 56; Phoenix Ins. Co. v Guthiel, 2 NY2d 584, supra; Hartford Acc. & Ind. Co. v Smith, 43 NY2d 808, supra; Nationwide Mut. Ins. Co. v Liberty Mut. Ins. Co., 43 NY2d 810, supra). Under all other criteria, FMI had parted with title and control of the vehicle, and FMI, at the time of the accident, was no longer the owner. Ronconi, through the acts of its negligent driver Kent, was the principal wrongdoer and under both common and case law is responsible for the negligent acts, not only to the person directly injured, but also to one indirectly harmed by being cast in damages by the operation of law for the wrongful act (Dunn v Uvalde Asphalt Paving Co., 175 NY 214; Scott v Curtis, 195 NY 424; Tipaldi v Riverside Mem. Chapel, 273 App Div 414, 418).
Mason v Allstate Ins. Co. (12 AD2d 138) is a case particularly on point. There, a former owner gave his automobile as a gift to his son’s fiancee. She permitted the son to drive her car when the accident occurred. Neither party denied that ownership and control had been completely relinquished by the former owner, but at the time of the accident the automobile was still registered in the father’s name and it carried his license plates. The father’s insurance did not extend coverage where the insured no longer had title and control of the vehicle. The differentiating factor found in Mason as compared with Phoenix is that the new owner had obtained insurance immediately after receiving the automobile. It would seem that, as in the instant case, this fact eliminates public policy considerations. The Mason case was remanded to decide whether the insurer of the new owner was given timely notice of the accident.
It is noteworthy that this concept is applied even where an actual owner who, without fault on his own part, becomes liable to an injured person because of the negligence of one *248 permitted to operate his vehicle. It is then proper to implead the operator as a party defendant (Traub v Dinzler, 309 NY 395) and, where the owner is compelled to pay the amount of judgment recovery against him, he is permitted to recover over against the operator of the vehicle (Kramer v Morgan, 85 F2d 96; Dittman v Davis, 274 App Div 836, affd 299 NY 601).
FMI, by divesting itself of all assets, including the Volkswagen, in the sale to Ronconi, was liable only as a result of a mere omission of a legal duty. It was never participes criminis with Ronconi. FMI was entitled, as between the two, to rely upon Ronconi to bear the burden of Ronconi’s negligent acts. To expect otherwise would distort all tests of fairness.
As FMI is discharged from its obligations to the injured party by an implied indemnity due under the contract of sale, so too is Travelers released from its obligation of insurance coverage of FMI’s vehicles which that corporation no longer owned, possessed or controlled. Allstate, as insurer of Ronconi’s vehicles, must bear the full liability.