RONCONI DATA SERVICES, INC., et al., Appellants, v TRAVELERS INDEMNITY Co., Respondent.—In a severed third-party action, *inter alia,* to declare that Travelers Indemnity Co. is required to defend Ronconi Data Services, Inc., and Steven Kent to the same extent that coverage was being afforded to F. M. I. Management, Inc., Travelers' insured, plaintiffs appeal

from a judgment of the Supreme Court, Richmond County, entered May 10, 1978, which, *inter alia,* released Travelers from its obligation of insurance coverage and directed that Allstate Insurance Company, as insurer of plaintiff Ronconi Date Services, Inc., bear full liability for the injured parties' loss. Judgment reversed, on the law and the facts, with costs, and it is declared that (1) F. M. I. Management, Inc., was the owner of the subject vehicle on June 20, 1972 and (2) Travelers Indemnity Co., as insurer of FMI Management, Inc., must bear the full liability, to the extent of the limits of its policy, for the injured parties' loss. In this action for a declaratory judgment, the basic issue is whether F. M. I. Management, Inc. (FMI), or Ronconi Data Services, Inc. (Ronconi), was the owner of a 1971 Volkswagen when it was involved in an accident on June 20, 1972. The parties have proceeded by way of a stipulated statement of facts. From this stipulation it is apparent that on April 1, 1972 FMI agreed to sell its operating assets to Ronconi in consideration of $10,000. Of this amount, $6,000 was allocated to furniture and $4,000 was allocated to inventory. Attached to the contract was a fairly detailed schedule of fixed assets. Neither in the body of the agreement, nor in the attached schedule, was there any reference to the 1971 Volkswagen. Nevertheless, Ronconi took possession of the vehicle and used it in the conduct of its business. On June 20, 1972, the date of the accident, the vehicle was being driven by an employee of Ronconi in the course of his duties. However, in the circumstances of this case, the mere fact of possession, even when coupled with the probable intent of the parties to transfer ownership, is insufficient to support a finding that ownership had in fact been transferred as of the time of the accident. Dispositive of this case is that there was a formal transfer of ownership to Ronconi, approximately one month after the subject accident. The formal transfer resulted from a letter dated July 14, 1972 (three weeks after the accident), on FMI stationery, offering to sell the vehicle for $312 plus the assumption of the outstanding indebtedness on the vehicle. The $312 represented the total amount of loan payments made by FMI since April, 1972, i.e., the date when Ronconi took possession. Ronconi accepted the proposed terms of sale and, on July 24, 1972, gave FMI a check for $312. At that time, FMI indorsed the registration transfer stub, gave it to Ronconi and the latter returned the vehicle's license plates to FMI. Only then was ownership of the vehicle actually transferred to Ronconi and, until that time, Ronconi was merely a permissive user of the vehicle. There is nothing in the record which indicates that FMI would have been precluded from retaking possession of the vehicle prior to the July transfer. The vehicle bore the license plates issued to FMI, FMI retained the unsigned registration stub, FMI did not advise Travelers that the vehicle had been sold, FMI continued to make the monthly payments on the vehicle and FMI received no consideration from Ronconi (see *Hartford Acc. & Ind. Co. v Smith,* 43 NY2d 808; *Nationwide Mut. Ins. Co. v Liberty Mut. Ins. Co.,* 43 NY2d 810). As permissive users, Ronconi and its employees were covered by the policy between FMI and Travelers and, therefore, Travelers must be held fully accountable for any liability owed to the persons who suffered damages as a result of the accident. Mollen, P. J., O'Connor, Rabin and Gulotta, JJ., concur. [94 Misc 2d 243.]