Stuart Namm, J.
Defendant, a 16-year-old mandatory youthful offender, was charged under a two count misdemeanor information with unlawful imprisonment in the second degree, and endangering the welfare of a child, in violation of sections 135.05 and 260.10 of the Penal Law, respectively. A nonjury trial was conducted by this court as mandated by CPL 340.40 (subd 7). At the close of the People’s case, defendant’s motion to dismiss the count alleging the crime of endangering the welfare of a child was granted, the People having failed to make out a prima facie case against the defendant.
The evidence is undisputed that the defendant’s alleged criminal conduct consisted of his role in aiding a 14-year-old female runaway to remain away from her home for two nights, during which time she was secreted in the home of a codefendant who had previously been granted an adjournment in contemplation of dismissal. It is further undisputed in the record that the "victim” had run away from home on two prior occasions, and at least once since the incident in question.
The District Attorney argues that the defendant violated the law — unlawfully imprisoned or restrained the "victim”— by suggesting a place for the "victim” to stay in her quest to *175 run away, and by suggesting that she hide in an attic when members of her family were searching for her. The one physical act of restraint which is alleged was not proven to this court beyond a reasonable doubt, and the "victim” testified that she was never under restraint, and that she could have left at any time that she chose.
Defendant contends that section 135.05 of the Penal Law, when read in conjunction with section 135.00, should be declared unconstitutional since it is vague, ambiguous, indefinite, and fails to give clear warning of the rule to be obeyed, but in any event, his admitted conduct did not constitute the crime defined in section 135.05 of the Penal Law.
Sections 135.05 and 135.00, which are recodifications of portions of sections 1250 and 1252, respectively, of the Penal Law of 1909, provide as follows: section 135.05: "A person is guilty of unlawful imprisonment in the second degree when he restrains another person.” Section 135.00: "1. 'Restrain’ means to restrict a person’s movements intentionally and unlawfully in such a manner as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in the place where the restriction commences or in a place to which he has been moved, without consent and with knowledge that the restriction is unlawful. A person is so moved or confined 'without consent’ when such is accomplished by * * * (b) any means whatever, including acquiescence of the victim, if he is a child less than sixteen years old * * * and the parent * * * having lawful control or custody of him has not acquiesced in the movement or confinement.”
This crime would appear to embrace every type of unlawful restraint ranging from the most sinister genuine kidnapping conduct down to relatively trivial confinements, such as the locking of a person in a closet for a few minutes in order to frighten him. (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 135.05). But, query, was it intended to include the act of aiding and abetting a juvenile runaway? Unfortunately, the answer cannot be found in the Penal Law in its present form. Nor can this court look to the earlier statutes for a key to the legislative intent, since the law, as now constituted, cannot be found in the earlier Penal Law. Neither does this court have the benefit of judicial interpretation, this appearing to be a case of first impression.
If we were to apply the interpretation offered by the District Attorney, "no physical overt act is required for conviction *176 under this statute.” A reading of the definition of "Restrain” in section 135.00 can certainly give one that impression, where a child under the age of 16 years is concerned. However, could that have been the intention of the Legislature? Did the Legislature, in its wisdom, really intend that the "acquiescence of the victim” be a means of movement or confinement "without consent”? How can "acquiescence” which is defined in Black’s Law Dictionary as "conduct recognizing the existence of a transaction * * * a form of implied or inferred consent,” as opposed to an "avowed consent” ever constitute a means of movement or confinement? The former is mental and passive, and the latter is physical and overt. The former would seem to require some overt act by the defendant, whereas, the latter has as its frame of reference the state of mind of the victim.
Perhaps, the District Attorney’s understanding of the statute, as it is written, is correct, but on the other hand, perhaps it is incorrect. Therein lies the rub! If a trial court is uncertain of a statutory meaning, how then can we say that the statute "give[s] fair warning of the nature of the conduct proscribed * * * [and] define[s] the act or omission * * * which constitute^] * * * [the] offense.” (Penal Law, § 1.05.)
A criminal statute must be sufficiently definite, clear and positive to give unequivocal warning to citizens of the rule which is to be obeyed. The test as to whether the words of a statute are sufficient and clear is whether a reasonable man who is subject to the statute would be informed of the nature of the offense prohibited, and that which is required of him. (People v Byron, 17 NY2d 64.) A penal statute should not be stretched to fit the facts of a particular case regardless of their nature, and a conviction cannot be justified unless the facts fit into the statute. (People v Feliciano, 10 Misc 2d 836.)
In New York, by virtue of express statutory enactment, the Penal Law and all of its provisions must be construed according to the fair import of their terms, to promote justice and effect the object of the laws, and the rule that a penal statute is to be strictly construed does not apply thereto. However, it does not authorize the court in ignoring an essential part of the statute for the purpose of promoting justice in a particular case, and notwithstanding this direction it has been flatly stated that the Penal Law is to be strictly construed. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 276, p 445; People v Scott, 26 NY2d 286.)
*177 Though honest men may differ, and wise men and scholars may ponder the hidden meaning of the written word, ordinary citizens who are bound to live within the law can ill afford to do so, and so must be fairly warned of that which is prohibited by statute. This court cannot conclude that the Legislature has fairly done so in its drafting of section 135.00 of the Penal Law, as it applies to the facts of this case, and when read in conjunction with section 135.05 thereof.
The District Attorney contends — and rightfully so — that if a 35-year-old would be guilty under the same circumstances, then this 16-year-old defendant should likewise be found guilty, he being responsible for any violation under the Penal Law. Having concluded that the statute, as applied to the facts of this case, is patently defective, this court cannot, therefore, find this defendant guilty of any offense. Nonetheless, the court is constrained to make this observation in view of the District Attorney’s contention as to the defendant’s culpability. If this conduct were alleged against a 35-year-old involved in aiding and abetting a runaway child, such conduct would be deserving of condemnation. However, where the alleged conduct involves a 16-year-old who apparently was a runaway himself, such conduct is a matter for compassion and understanding, rather than condemnation and derision.
For all of the foregoing reasons, Count No. 1 of the information is dismissed, and the defendant is hereby found not guilty of the crime of unlawful imprisonment in the second degree.