■ HARTFORD INSURANCE GROUP, Appellant, v RAKHEL RUBINSHTEYN et al., Defendants, and NATIONWIDE INSURANCE COMPANIES, Respondent. — In an action for a declaration that plaintiff is not required to defend or indemnify its insured, the 18th Avenue Garage, Inc., in actions for personal injury and wrongful death, plaintiff appeals from a judgment of the Supreme Court, Kings County (Berkowitz, J.), dated April 5, 1983, which declared that plaintiff was required to defend and indemnify its insured. ¶ Judgment reversed, on the law and the facts, with costs, and it is declared that the plaintiff is not required to defend and indemnify 18th Avenue Garage, Inc. ¶ On April 1, 1980, Dennis Schwartz paid the full purchase price and took possession of a 1978 Pontiac automobile from the 18th Avenue Garage, Inc. (hereinafter Garage), plaintiff's insured. Before taking possession of the vehicle, Schwartz obtained an insurance binder from A. Aversa Brokerage, Inc., insuring the vehicle under a policy issued by defendant Nationwide Insurance. Schwartz exhibited the binder to the Garage before taking possession of the car. Anthony Gullo, an officer of the Garage, gave Schwartz permission to temporarily use dealer plates registered to the Garage (see Vehicle and Traffic Law, § 416). ¶ On April 3, 1980, Robin Buencamino, who was driving the car with Schwartz's permission, was involved in an accident which injured Rakhel Rubinshteyn and Linda Levine, and killed Heath Levine. The dealer plates were still on the car. Rubinshteyn and Linda Levine brought actions for damages against, inter alia, the Garage. Plaintiff herein seeks an adjudication that it is not required to defend or indemnify its insured. The following questions were posed to Special Term: ¶ "a. Did the procurement of the NATIONWIDE policy supersede and replace [plaintiff's] policy * * * and if not, ¶ "b. Is [plaintiff], under the terms of its policy, required to defend and

indemnify 18th Avenue Garage, Inc. up to its policy limits"? ¶ Special Term answered "no" to the first question and "yes" to the second. We disagree. ¶ The policy between plaintiff and the Garage provides in relevant part: ¶ "D. WHO IS INSURED. ¶ "1. For Covered Autos. ¶ "a. You are an insured for any covered auto. ¶ "b. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow except * * * ¶ "(3) Your customers, if your business is shown in ITEM ONE of the declarations as an auto dealership. However, if a customer of yours: ¶ "(a) Has no other available insurance (whether primary, excess or contingent), he or she is an insured but only up to the compulsory or financial responsibility law limits where the covered auto is principally garaged. ¶ "(b) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered auto is principally garaged, he or she is an insured only for the amount by which the compulsory or financial responsibility law limits exceed the limits of his or her other insurance."

---

"PART IV - LIABILITY INSURANCE

"A. WE WILL PAY.
"1. We will pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies caused by an accident and resulting from garage operations.
"2. We have the right and the duty to defend any suit asking for these damages. However, we have no duty to defend suits for bodily injury or property damage not covered by this policy. We may investigate and settle any claim or suit as we consider appropriate. Our payment of the LIABILITY INSURANCE limit ends our duty to defend or settle."
¶ The policy defines "garage operations" in the following manner: ¶ "F. 'Garage operations' means the ownership, maintenance or use of the locations stated in the declarations and that portion of the roads or other accesses that adjoin these locations for garage business. ¶ "Garage operations includes the ownership, maintenance or use of the autos indicated in PART II as covered autos. Garage operations also include all operations necessary or incidental to a garage business." ¶ Under the terms of the policy it is clear that neither Schwartz nor Buencamino may be deemed plaintiff's "insured". Schwartz and Buencamino were, if anything, the Garage's "customers" and it is undisputed that Schwartz obtained other insurance before he took possession of the automobile. Accordingly, plaintiff may not be held to provide coverage under the situation at bar unless the Garage may be found to have owned the automobile at the time of the accident (see *Switzer v Merchants Mut. Cas. Co.*, 2 NY2d 575, 579-581). ¶ It is well settled that plaintiff, unlike its insured, is not estopped from denying ownership by the fact that the automobile bore dealer plates at the time of the accident (see *Rudes v Hartford Acc. & Ind. Co.*, 32 AD2d 575). The question of when title to the automobile passed to Schwartz turns on the intention of the parties. While it may be inferred from the fact that the registration had not been transferred that the Garage owned the vehicle, this inference may be rebutted by the totality of the circumstances (see *Fulater v Palmer's Granite Garage*, 90 AD2d 685, app dsmd 58 NY2d 826). Here, where Schwartz paid the full purchase price, took possession of the vehicle and obtained his own insurance for it, it is clear that the parties intended that title should pass at the time Schwartz took possession notwithstanding the fact that the various statutory and regulatory requirements had not been completed. ¶ Since the Garage did not own the automobile at the time of the accident, and since the policy does not provide coverage after a customer

secures his own insurance, plaintiff has no duty to defend or indemnify its insured. Thompson, J. P., O'Connor, Rubin and Boyers, JJ., concur.