■ The People of the State of New York, Respondent, v Lloyd Walker, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Braatz, J.), rendered May 31, 1985, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Upon our review of the record, we find there is no merit to the contentions raised by the defendant, including those raised in his supplemental *pro se* brief *(see, People v Kazepis,* 101 AD2d 826; *People v Balfour,* 95 AD2d 812). Mangano, J. P., Brown, Lawrence, Weinstein and Kunzeman, JJ., concur.

■ The People of the State of New York, Respondent, v Vincent Williams, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered November 26, 1985, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed as to the defendant, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Issues of fact were not raised or considered.

The evidence failed to show that the defendant was either in actual or constructive possession of the cocaine and narcotics paraphernalia found in his friend's apartment by police officers executing a search warrant. The defendant was neither the lessee nor a resident of the apartment and, although he had slept on the front porch a few times, his mere presence in a room where the contraband was located is not sufficient to support his conviction of the crimes charged *(see, People v Siplin,* 29 NY2d 841; *People v Ortiz,* 126 AD2d 677, *lv denied* 70 NY2d 652; *People v Vastola,* 70 AD2d 918; Penal Law § 10.00 [8]). Mangano, J. P., Lawrence, Weinstein and Rubin, JJ., concur.