■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ROYSTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered January 27, 1988, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the convictions of criminal possession of a controlled substance in the third degree under counts four and five of the indictment, vacating the sentences imposed thereon and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant's conviction arises from his sale of two vials of cocaine to an undercover police officer during a so-called "buy and bust" operation. The undercover officer passed two $10 bills of prerecorded money through a slot in the door of an apartment located on the second floor of a building at 762-A Nostrand Avenue in Brooklyn. A few seconds later he received two vials of cocaine. Upon completion of the sale, the undercover officer contacted his backup team. They arrived at the site of the transaction within minutes and gained entrance to the apartment which the arresting officer characterized as a social club. Only the defendant and his codefendant Michael Phillippe were present in the apartment. The police recovered $850 from the defendant's pants pocket including the prerecorded money. A search of the premises revealed 312 vials of cocaine concealed between the apartment door and a steel plate welded onto the inside of the door.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find the evidence adduced was legally sufficient to convict the defendant of the sale of cocaine and the possession of cocaine in connection with that sale. The facts from which the inference of guilt is drawn are, when viewed as a whole, inconsistent with innocence and exclude to a moral certainty every other reasonable hypothesis (see, People v Giuliano, 65 NY2d 766; People v Way, 59 NY2d 361). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt of the crimes of criminal sale of a controlled substance in

the third degree under the first count of the indictment, criminal possession of a controlled substance in the third degree under the second count of the indictment, and criminal possession of a controlled substance in the seventh degree under the third count of the indictment, was not against the weight of the evidence (see, CPL 470.15 [5]).

However, we find the defendant's mere presence at the social club where the narcotics were found does not establish sufficient dominion and control by the defendant over the premises to charge him with constructive possession of the 312 vials of cocaine found concealed in the door (see, People v Davis, 153 AD2d 949; People v Dawkins, 136 AD2d 726; People v Ortiz, 126 AD2d 677). Thus, the defendant's conviction of two counts of criminal possession of a controlled substance in the third degree stemming from the discovery of the concealed vials of cocaine must be reversed, and those counts of the indictment dismissed.

We have examined the defendant's remaining contentions including those raised in his supplemental pro se brief and find them to be either unpreserved for appellate review, without merit or premised upon evidence outside the record. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.