■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY PUGH, Appellant.—Judgment, Supreme Court, New York County (Richard T. Andrias, J.), rendered September 28, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate prison term of 1 to 3 years, unanimously affirmed.

The codefendant led undercover officers to the closed door of an apartment in an abandoned building. Through the peephole, $20 in prerecorded "buy" money was exchanged for four vials of crack cocaine. As the police were attempting to enter the apartment forcibly, defendant was seen escaping from the window of an adjacent apartment, and was apprehended. In addition to $20 in prerecorded buy money, another $170 was found on his person. Investigation of the first apartment revealed that a wall had been broken, giving access to the apartment out of which the defendant had attempted to

escape. No other person was found in, or seen attempting to leave, either of the two apartments.

Contrary to the defendant's argument, the evidence adduced was legally sufficient to convict the defendant of the sale of cocaine since facts from which the inference of guilt is drawn are, when viewed as a whole, inconsistent with innocence and exclude to a moral certainty every other reasonable hypothesis *(People v Royster,* 156 AD2d 735, *lv denied* 75 NY2d 924).

Defendant was not entitled to a missing witness charge as to the officers who were part of the undercover team, but did not testify. Defendant's attorney failed to make a prima facie showing that the uncalled police witnesses would be expected to give material noncumulative testimony. *(People v Gonzalez,* 68 NY2d 424.)

We have examined the defendant's other contention and find it to be without merit. Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.