■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY McLEOD, Also Known as DANNY McLOUD, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered November 12, 1987, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of felony murder and intentional murder in connection with the shooting death of Juan Pablo Arrendondo during the course of a drug transaction. The defendant was tried on a theory of accessorial liability. The person who actually fired the fatal shot was not apprehended. On this appeal, the defendant argues that the evidence adduced at trial was legally insufficient to establish his guilt as an accessory to the shooting.

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Specifically, the evidence showed that the defendant acted in concert

with the unidentified accomplice in causing Arrendondo's death. The defendant arranged the drug transaction with Arrendondo. The defendant and his accomplice met Arrendondo at a Burger King restaurant. Arrendondo, in his van, followed the defendant's car to a deserted and dimly lit area. The defendant and the accomplice entered Arrendondo's van where Arrendondo handed the defendant a package containing white powder. The defendant and his accomplice tasted the powder. The accomplice then handed Arrendondo a bag containing some currency, newspaper cut into the shape of currency, and crushed newspaper. When Arrendondo accepted the bag and began to examine it, the accomplice shot Arrendondo in the face, killing him. When the police examined the van, the bag containing currency and newspaper was recovered. The package of white powder was not recovered.

Contrary to the defendant's contention, the inference of his guilt is consistent with, and flows naturally and logically from the facts proved (see, People v Kennedy, 47 NY2d 196, 202; People v Benzinger, 36 NY2d 29, 32). The proof was legally sufficient for the jury to infer that it was equally the purpose of both the defendant and his unidentified accomplice to rob Arrendondo and cause his death and that the defendant therefore possessed the requisite mental culpability for commission of each offense for which he stands convicted (see, People v Allah, 71 NY2d 830; People v Ramos, 130 AD2d 688). The People were not obligated to prove that the defendant fired the fatal shot (see, e.g., People v Brathwaite, 63 NY2d 839). Rather, the jury could conclude from the defendant's conduct and the surrounding circumstances that the defendant was guilty of the crimes charged as an accessory (see, People v White, 162 AD2d 646).

Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Lawrence, J. P., Kooper, Sullivan and Rosenblatt, JJ., concur.