■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WINSLOW, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered July 17, 1989, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On February 18, 1988, a so-called "buy and bust" team went to an apartment in Brooklyn. An undercover officer slipped a ten dollar bill under the door, following which an unknown person slipped two vials of cocaine back to the officer. Following this sale, the undercover officer radioed his back-up team which arrived two minutes later and gained entrance. The defendant and Frederika Robinson were the only occupants of the apartment. The police observed a hole in the bathroom wall wherein they discovered a handgun. The jury acquitted the defendant of possession of that gun and of the sale and possession charges involved in the "buy and bust" operation.

The only counts for which the defendant was convicted relate to possession of drugs which the police found at a location which was not part of the apartment, and over which, under the facts of this case, the defendant was not shown to have had sufficient dominion or control *(see, People v Pearson,* 75 NY2d 1001; *People v Royster,* 156 AD2d 735; *People v Headley,* 143 AD2d 937; *People v Dawkins,* 136 AD2d 726; *People v Williams,* 135 AD2d 763).

In light of this determination, we do not consider the

defendant's remaining contentions. Thompson, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.