■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN SIMMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered October 16, 1989, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a weapon in the third degree, and criminal possession of a

controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the inference of his guilt with regard to his criminal sale of a controlled substance is consistent with, and flows naturally and logically from the facts proved (see, People v Kennedy, 47 NY2d 196, 202; People v McLeod, 168 AD2d 461). An undercover officer met an individual on the street and had a conversation related to the subject of controlled substances with him. The individual then brought the undercover officer into a store. The defendant, who was sitting behind a glass partition, spoke with the individual and then told the undercover officer to wait outside. Shortly thereafter, the individual emerged from the store and gave the undercover officer two vials of crack cocaine. The defendant's conversation with the undercover officer and the individual and the defendant's behavior displayed the defendant's familiarity with the situation as well as his desire not to have anyone not making a purchase witness the transaction. Upon the defendant's arrest, when the police searched the store they recovered a significant sum of money which included two ten-dollar bills which had been previously recorded by the police.

The defendant's contention that he did not have sufficient dominion and control over the weapon and drugs recovered from the store is unpreserved for appellate review and is, in any event, without merit (see, People v Winslow, 170 AD2d 553; People v Dawkins, 136 AD2d 726). The defendant was seen by the undercover officer in the precise area from which the contraband was recovered. When the defendant was arrested he was seen emerging from that same area. Moreover, the defendant was the only person present in the store on both occasions and was alone in the area from which the contraband was recovered and to which the public did not have free access.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Eiber, Miller and Ritter, JJ., concur.