■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PARKER, Appellant. [594 NYS2d 350] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered June 12, 1990, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On appeal, the defendant contends that the proof of guilt adduced at trial, which consisted entirely of circumstantial

evidence, was legally insufficient to support the verdict of guilt. We agree and, accordingly, reverse the judgment of conviction, and dismiss the indictment.

The People's evidence merely established that the defendant was one of two men who hurriedly exited a taxicab after the driver had been shot. This evidence was not legally sufficient for the jury to infer that the defendant intended to cause serious injury to the victim, resulting in the victim's death, or that the defendant solicited, requested, commanded, importuned, or intentionally aided another to commit manslaughter in the first degree while possessing the requisite mental culpability (Penal Law § 20.00; *cf., People v Allah,* 71 NY2d 830; *People v McLeod,* 168 AD2d 461; *People v White,* 162 AD2d 646).

In light of the foregoing, we do not reach the defendant's remaining contentions. Thompson, J. P., Sullivan, O'Brien and Copertino, JJ., concur.