■ In the Matter of ANDRE JJ., a Child Alleged to be a Juvenile Delinquent, Appellant. SUSAN M. TATRO, as Albany County Attorney, Respondent. [608 NYS2d 555] —Yesawich Jr., J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered February 22, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 3, to adjudicate respondent a juvenile delinquent.

On October 2, 1992 at about 9:20 P.M., upon receiving word from the dispatcher that an anonymous phone caller had reported a black male with a black bicycle selling drugs at a particular street location, two City of Albany police officers reported to that location where they observed respondent sitting on a car. The officers approached and questioned respondent, who initially gave them a false name and was reluctant to answer questions. Thereafter, the officers searched the area and found, on top of the exterior portion of an air conditioning unit protruding from a nearby building, a "balled up" piece of paper, inside of which were two small bags containing a substance believed to be crack cocaine. Respondent's black bicycle was leaning against the building, beneath the air conditioner, which was at least seven feet from where respondent was initially seen. There is no indica-

tion that respondent resided in the building housing the air conditioner or had any possessory interest or other connection with it.

The officers testified that their search of respondent, to which respondent consented, produced "a large amount of cash"—respondent states, and it is uncontradicted, that the amount was $40—and an item which the officers maintain was a beeper. This evidence, coupled with the officers' representations that the area in question was "well-known" for drug activity, and respondent's admission that he had been in the area for approximately 15 minutes before being approached by the officers, inclined Family Court to conclude that respondent had engaged in acts which, if committed by an adult, would constitute criminal possession of a controlled substance in the seventh degree, and thus that he was a juvenile delinquent. Ordered to serve one year of probation, respondent appeals.

It is undisputed that respondent was never seen closer than several feet away from the air conditioning unit, and that he was not observed placing or tossing anything on top of the unit. There is absolutely no evidence that he ever actually possessed the cocaine, which was found on a public street. The fact that respondent's bicycle was under the air conditioner, the bottom of which was at least 6½ feet above ground level, and that he was sitting on a car on the opposite side of the sidewalk is not sufficient to establish that he exercised "dominion and control" over the top of the unit where the drugs were found *(see, People v Pearson,* 75 NY2d 1001, 1002; *People v Russell,* 34 NY2d 261, 264-265; *People v Butts,* 177 AD2d 782, 784; *People v Royster,* 156 AD2d 735, 736, *lv denied* 75 NY2d 924). The circumstantial evidence upon which petitioner relies does not inexorably lead to the conclusion that respondent possessed the substance ultimately found to be cocaine. The fact that it was known that drug sales took place in the area does not render respondent's activities unlawful *(see, People v Headley,* 74 NY2d 858, 859); indeed, that fact renders it probable that the cocaine was placed where it was by another person.

Regarding respondent's possession of the cash and beeper, it suffices to note that their possession, even when considered together, are equally consistent with innocence as with guilt *(see, People v Giuliano,* 65 NY2d 766, 767-768; *People v Sanchez,* 61 NY2d 1022, 1024; *People v Bentley,* 112 AD2d 109, 111, *lv denied* 66 NY2d 761). Beyond that, even if a criminal purpose can be ascribed to defendant's possession of these

items, one cannot reasonably infer therefrom that he was, at any time, in possession of the drugs found here. As for the giving of a false name, while this sometimes evidences a consciousness of guilt, it is adequately explained in this instance by respondent's belief that he was in violation of a curfew (he was then two months shy of 16 years of age), and thus is entitled to little probative weight (compare, People v Benzinger, 36 NY2d 29, 33-34). Nor does the anonymous phone call substantiate respondent's guilt, for without any showing of the informant's reliability or of the basis for his or her knowledge, there is no assurance that respondent was not simply "framed" by this person (cf., People v Elwell, 50 NY2d 231, 234-235).

Inasmuch as the evidence is insufficient to support a finding that defendant actually or constructively possessed any controlled substance, the order must be reversed. This determination makes it unnecessary to address defendant's remaining contention.

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.