OPINION OF THE COURT
Wayne A. Feeman, Jr., J.
Issue
In these companion appeals, the defendants challenge *532 adjudications after a bench trial on July 6, 1999 in the Town Court of the Town of Andover that they had violated section . 65-c of the Alcoholic Beverage Control Law. The court notes at the outset, by virtue of subdivision (4) of section 65-c, that the adjudications are not to be considered “convictions.”
In pertinent part, subdivision (1) of section 65-c reads as follows: “[N]o person under the age of twenty-one years shall possess any alcoholic beverage * * * with the intent to consume such beverage.”
Procedural Posture
The court has reviewed and considered the companion returns filed by the Town Court. Neither party has requested amendment or supplementation of such returns. Accordingly, the court will assume that the returns accurately and completely reflect the proceedings below.
At oral argument before the County Court on October 18, 1999, counsel jointly indicated to the court that these appeals are in the nature of a “test case,” and that a large number of factually — and legally — comparable cases emanating from the same incident in the Town of Andover have been held in abeyance, pending disposition of this appeal. For the sake of expediency and economy, the court has addressed both appeals in a single decision.
Contentions of Defendants
Each of the appellants argues that there was insufficient proof of personal possession of an alcoholic beverage.
Each also argues that there was insufficient proof of intention to consume such beverage.
They urge the County Court to reverse the adjudications.
Technical Correction
Having examined the record the court finds that the correct spelling of the defendants’ surname is “Cutten.” The documents previously filed are hereby deemed to be amended accordingly.
Analysis
The court begins its review by observing that the statute which the Town Court was asked to construe is not a model of clarity. The terms used by the Legislature in section 65-c are not explicitly defined, leaving some amount of ambiguity with respect to the legislative intent.
*533 Having noted the lack of precision and elaboration in the statutory language, the court reiterates the “rule of lenity” (see, Black’s Law Dictionary 1196 [5th ed]). Under the rule of lenity, if a statute is not clear in its scope and extent — so that reasonable minds might differ as to its intention — the court must adopt the less harsh meaning. Expressed otherwise, under the rule of lenity, doubt will be resolved in favor of the accused person (see also, People v Green, 68 NY2d 151, 153).
Although a determination of violation of section 65-c is not to be considered a “conviction” in the literal sense, it remains true that penal statutes are to be strictly construed against the party seeking their enforcement and in favor of the person being proceeded against (McKinney’s Cons Laws of NY, Book 1, Statutes § 271).
In this regard, one treatise has stated: “A statute prescribing a * * * penalty for the doing of a prohibited act or the failure to do a required act is a penal statute which is to be strictly construed in favor of the party against whom the action for the enforcement of the statutory obligation is brought. Such a statute is not to be extended by implication or construed to cover cases not clearly within its terms. Words should not be read into, or subtracted from, a statute imposing a penalty.” (60 NY Jur 2d, Forfeitures and Penalties, § 89.)
In People v Buscemi (89 Misc 2d 174, 177 [Suffolk Dist Ct 1977]) the court pointed out that “ordinary citizens who are bound to live within the law * * * must be fairly warned of that which is prohibited by statute.” The court stated: “A penal statute should not be stretched to fit the facts of a particular case regardless of their nature, and a conviction cannot be justified unless the facts fit into the statute.” (Supra, at 176.)
A case may, of course, be established by either “direct” or “circumstantial” evidence (or by both) (1 CJI[NY] 3.20). “[I]n some cases, circumstantial proof is accepted as more reliable than testimonial proof’ (Matter of Spaid v Liverpool Cent. School Dist., 169 Misc 2d 41, 48 [Sup Ct, Onondaga County 1996]). The distinction between direct evidence and circumstantial evidence is as follows (1 CJI[NY] 3.20, at 106): “Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of a chain of circumstances from which [the fact finder] may infer or conclude that a fact exists, even though it has not been proved directly. [A fact finder is] entitled to consider both kinds of evidence.”
Where, as here, one of the elements of the “offense” is an “intent” (that is, in this case, an intent to consume an alcoholic *534 beverage), the fact finder must engage in a two-step process (see, 1 CJI[NY] 9.10). First, the fact finder must be satisfied that all of the circumstantial facts upon which the People rely have been proved (beyond a reasonable doubt, in a criminal case). If so satisfied, the fact finder must determine whether the circumstantial facts proved justify the fact finder in determining (beyond a reasonable doubt, in a criminal case) that the accused person intended to engage in the particular conduct (e.g., consumption of alcohol). The inference of “guilt” from the circumstantial facts proved must flow “naturally, reasonably and logically” from such facts proved. Also, the inference of guilt must be “consistent with such facts proved.” Critically, the circumstantial facts proved must all be consistent with “guilt” and inconsistent with “innocence.”
Traditionally, reviewing courts have tended to proceed cautiously when a conviction or other ultimate adverse determination rests on circumstantial evidence (Prince, Richardson on Evidence § 4-301 [Farrell 11th ed]). The danger to be guarded against is a final conclusion reached by the trial fact finder on pure speculation or conjecture (Prince, Richardson on Evidence ‘ § 4-302 [Farrell 11th ed]).
Section 65-c, although using the term “possess,” does not define the term. Historically, the word “possess” in the context of a penal statute has meant, “to have physical possession or otherwise to exercise dominion or control over tangible property” (Penal Law § 10.00 [8]).
Similarly, section 65-c does not contain any “presumptions” which might lay the statutory foundation for a “constructive possession” (compare, for example, Penal Law § 158.00 [2]; §§ 170.71, 190.10, 220.25, and § 225.35).
The court acknowledges the salutary objective of section 65-c. In support of the enactment of the statute a 1989 Memorandum of the Division of State Police stated as follows:
“Since this State has made it legally impermissible for someone to furnish or sell alcoholic beverages to a ‘minor’, it is incongruous not to prohibit possession of the alcoholic beverage by the ‘minor.’ Now that the State drinking age is twenty-one, underage persons should be held responsible for their conduct and prohibited from possessing alcoholic beverages in public.
“One result of the current inequity is a severely hampered enforcement capability of law enforcement agencies. Teenagers may possess alcoholic beverages with impunity, for as long as the police officer does not witness the actual transfer to the *535 underage person, there is little that he or she can do either to remove the alcohol from the minor or prevent its consumption.”
“This bill will enable police officers to take alcohol out of the hands of underage drinkers, as well as provide a mild deterrent sanction to the ‘minor’ who possesses the alcohol in a public place.”
Since section 65-c speaks of a “charge” and prescribes a “fine” as a penalty, the court concludes that the applicable burden of proof is “beyond a reasonable doubt.” The burden of proof is, of course, upon the People; it is not upon the accused persons— the latter are not obliged to disprove their guilt, or to prove their innocence (see, 1 CJI[NY] 6.05, 6.10, 6.20).
Certainly, the measures taken by the Town Court are vested with a presumption of regularity (People v Dominique, 90 NY2d 880; Prince, Richardson on Evidence § 3-120 [Farrell 11th ed]). Also, the trial evidence must be viewed in the light most favorable to the People (People v Contes, 60 NY2d 620). Generally, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are questions to be determined by the fact finder, which directly saw and heard the witnesses (People v Gaimari, 176 NY 84, 94). Generally, too, the determination of the fact finder should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (People v Garafolo, 44 AD2d 86, 88).
Having reviewed the sparse record (which the People have not moved to amplify or augment), and giving due consideration to the relative strength of the conflicting inferences that may be drawn from the testimony, the court concludes that the determinations must be reversed and the penalties vacated. Particularly in view of the circumstantial nature of the prosecution’s evidence (People v Ford, 66 NY2d 428, 441; People v Sanchez, 61 NY2d 1022), the court concludes that the People have failed to prove each of the elements of the charge beyond a reasonable doubt, and that the trial court’s determination was against the weight of the evidence.
In reaching this conclusion the court emphasizes that the two requisite elements, “possession” and “intent to consume,” are in the conjunctive, not the disjunctive: both elements must be proved, beyond a reasonable doubt. Certainly, “mere presence” at a party or gathering where alcoholic beverages are available is not sufficient to constitute a violation of section 65-c. Carried to its logical extreme, such a construction would imply that every underage person in attendance at a public *536 sporting event where one or more other persons had alcoholic beverages on their person would be in violation by “association.” Clearly, the Legislature did not intend such a drastic, expansive, and unwieldy result. Again, in interpreting the term “possess,” the court reiterates that the language of a statute must be accorded its natural and most obvious sense, without resorting to an artificial or forced construction (McKinney’s Cons Laws of NY, Book 1, Statutes § 94). It should not be extended by construction beyond its express terms. It is the role of the Legislature, not the courts, to expand by amendment a statute containing a prohibition. In this case, the prosecution failed to produce sufficient evidence that the defendants physically and personally “possessed,” or exercised domain and control over, an alcoholic beverage (regarding constructive possession, see, People v Brown, 240 AD2d 675 [2d Dept 1997]; People v Williams, 135 AD2d 763 [2d Dept 1987]; People v Casado, 199 AD2d 845, 846 [3d Dept 1993]). The evidence presented is susceptible to innocent interpretation, and the high burden upon the People has not been met.
Furthermore, section 65-c does not establish a theory of ac-cessorial or vicarious liability — that is, liability for the conduct of other persons in attendance (c/., Penal Law § 20.10).
From the brief trial record it appears that the only evidence was testimonial. It was not substantiated by any photographic or other forensic proof, or by an admission by either defendant. It does not appear that there were inculpatory statements by other persons which might be characterized as an “adoptive admission” (People v Allen, 300 NY 222, 225).
The concession by at least one of the defendants that there were no other refreshments at the gathering (“such as soda, chips, pretzels, etc.”) is of very little probative weight as far as the material elements of the charge are concerned. Moreover, the officers candidly testified that they did not see anyone drinking. Also, the officers testified that no one “claimed” the alcoholic beverages.
The fact that the situation may have presented the officers— whose good faith has not been challenged — with “reasonable suspicion” that a violation was occurring does not rise to the level of proof beyond a reasonable doubt. According to the authoritative language of 1 CJI(NY) 6.20 (at 250), “[a] ‘reasonable doubt’ * * * is an actual doubt, one which [the fact finder is] conscious of having in [its] mind after [it has] considered all the evidence in the case. If, after doing so, [the fact finder] feel[s] uncertain and not fully convinced of the defendant’s *537 guilt, and [the fact finder is] also satisfied that in entertaining such a doubt [it is] acting as a reasonable person should act in a matter of this importance, then that is a ‘reasonable doubt’ of which the defendant is entitled to the benefit.”
To the extent that “rumor” or “reputation” information, which is sometimes referred to as “nonjuridical data” (People v Moreno, 70 NY2d 403, 405), may have been available to the trial court does not dilute the requisite burden of proof. Such information, in addition to its probative and reliability limitations, invites the question of whether the defendants’ 6th Amendment constitutional right to confrontation of adverse witnesses might have been implicated (People v Dokes, 79 NY2d 656). Also, as much as “mere presence” would be insufficient to sustain the charges, mere opportunity would be insufficient, as well. It also bears mentioning that section 65-c, though referring to an “intent to consume,” does not refer to an “intent to possess;” actual possession must have occurred in order to constitute a violation.
Finally, since the court determines that the adjudications must be reversed on the law and on the facts, it need not address the issue of whether the prosecution affirmatively and adequately proved the ages of the defendants at the time of the incident, which of course is another necessary element of the charge.