OPINION OF THE COURT
Gregory A. Gates, J.
The “defendant” is charged with violating Alcoholic Beverage Control Law § 65-c. While not a penal statute in the true sense of the word, it does provide that “no person under the age of twenty-one years shall possess any alcoholic beverage, as defined in this chapter, with the intent to consume such beverage.” (Alcoholic Beverage Control Law § 65-c [1].) Exceptions to the statute for educational and parental-provided alcohol use *867 are not relevant here. The statute specifically provides that the only sanctions which can be imposed are: a fine of no more than $50, completion of an alcohol awareness program, no more than 30 hours of community service, or a combination of these sanctions. A finding of “guilt” does not result in a conviction nor is the defendant to be denominated a “criminal” for any reason. While seemingly “civil” in its application, the statute must nevertheless comply with statutory and constitutional standards including due process.
The only witness in the trial conducted before me on September 12, 2000 established the following facts: On July 24, 2000, Police Officer Jeanne Buttacavoli responded to a complaint of a “suspicious person” on Grant Street in the Village of Port Dickinson at about 10:30 a.m. Her investigation revealed a highly intoxicated male whom the officer described as “barely coherent.” He was apparently attempting to gain entry into the wrong apartment in the duplex in which he was staying. The officer knocked on the door of the correct apartment and the defendant answered the door.
Officer Buttacavoli questioned Ms. Knickerbocker about her own alcohol use and the defendant confirmed she had consumed (past tense) alcohol earlier. The defendant did not have any alcohol in her direct possession, although the officer detected an odor of an alcoholic beverage. The defendant advised that another individual, “Petey,” was upstairs. Three cans of Keystone beer were located in the apartment refrigerator and they were apparently immediately poured out by the officer in apparent contravention of Alcoholic Beverage Control Law § 65-c (5) and (6).
In any event, it is clear to me that Ms. Knickerbocker had consumed alcohol some time earlier (the precise time is in dispute, but not particularly relevant) and three cans of beer remained in the apartment in which “Petey” and perhaps others resided. The proof did not establish the age of anyone other than Ms. Knickerbocker, who was 18 years old at the time.
Two factors compel a dismissal of this charge. First, the proof is insufficient to establish that Ms. Knickerbocker was in “possession” of the alcohol. The three cans of beer which Officer Buttacavoli destroyed cannot, in my view, be said to be in the possession of Ms. Knickerbocker. They were as likely the property of “Petey,” the already intoxicated “suspicious person” or any others that might have been in the apartment. (See, People v Cutten, 182 Misc 2d 531 [Allegany County Ct 1999, Feeman, Jr., J.].) Something more than contemporaneous presence should be established to prove possession.
*868 However, in strictly construing the statute, as I must do, I find that it proscribes prospective conduct only. By its very terms, Alcoholic Beverage Control Law § 65-c prohibits the present possession of alcohol with an intent to consume it either right then, or later. While it is clear through Officer Buttacavoli’s observations and the defendant’s admissions that she had previously consumed an alcoholic beverage, there is no proof of an intent to do so then or later.
I am trying desperately to avoid a tortured interpretation of this statute. It is presumptively and otherwise valid. That said, however, we cannot expand it beyond the scope anticipated by the Legislature in its selection of the language chosen.
I believe a fair interpretation of section 65-c proscribes present possession and consumption. For example, an observation of someone under the age of 21 actually drinking an alcoholic beverage would establish its possession and, a fortiari, a consummated intent to consume it. Moreover, actual evidence of possession with proof of intent to consume it would also pass muster.
Here, however, the only evidence of the defendant’s possession and consumption are an odor of alcohol from who knows how long ago and cans of beer which could have been possessed by anyone in the apartment.
The underage and overindulgent consumption of alcohol must be discouraged and, as appropriate, legislated against. Alcoholic Beverage Control Law § 65-c does exactly that. However, I cannot read the statute to prohibit past consumption. The statute does prohibit present or future consumption and the possession of alcohol for future consumption. In this case, the evidence does not meet or exceed those standards and the charge is therefore dismissed.