OPINION OF THE COURT
Eugene L. Nicandri, J.
Defendant appeals from the sentence imposed upon him in *906 the Morristown Town Court on July 26, 2000, after his adjudication of a violation of Alcoholic Beverage Control Law § 65-c (1). The court imposed a one-year conditional discharge. This appeal focuses particularly on three of the imposed conditions: (1) that defendant report to a probation officer as directed by the court; (2) that defendant remain within the jurisdiction of the court unless granted permission to leave by the court; and (3) that defendant perform 30 hours of community service.
. Alcoholic Beverage Control Law § 65-c (1) provides, to the extent relevant here, that “no person under the age of twenty-one years shall possess any alcoholic beverage, as defined in [the Alcoholic Beverage Control Law] with the intent to consume such beverage.”
Alcoholic Beverage Control Law § 65-c (3) reads as follows: “Any person who unlawfully possesses an alcoholic beverage with intent to consume may be summoned before and examined by a court having jurisdiction of that charge; provided, however, that nothing contained herein shall authorize, or be construed to authorize, a peace officer as defined in subdivision thirty-three of section 1.20 of the criminal procedure law or a police officer as defined in subdivision thirty-four of section 1.20 of such law to arrest a person who unlawfully possesses an alcoholic beverage with intent to consume. If a determination is made sustaining such charge the court may impose a fine not exceeding fifty dollars and/or completion of an alcohol awareness program established pursuant to paragraph six-a of subdivision (a) of section 19.07 of the mental hygiene law and/or an appropriate amount of community service not to exceed thirty hours.”
Alcoholic Beverage Control Law § 65-c (4) provides in pertinent part that “no such person [adjudicated as having violated this statute] shall be denominated a criminal by reason of such determination, nor shall such determination be deemed a conviction.”
Alcoholic Beverage Control Law § 65-c was enacted by chapter 592 of the Laws of 1989. The "provision in subdivision (3), authorizing a sentence to include up to 30 hours of community service, was added by chapter 389 of the Laws of 1993.
The information/complaint in this case charges the defendant with unlawful possession of an alcoholic beverage while attending the Morristown Fire Department fireworks on July 1, 2000. On July 26, 2000 the 18-year-old defendant was adjudicated as having violated the statute. In the court’s mem *907 orandum referring defendant to the Community Service Program administered through the Probation Department the court struck out the printed suggested guideline for a violation of 20 hours of community service, and wrote in 30 hours, an amount of service which the printed guidelines suggest as appropriate for a misdemeanor conviction.
Appellant argues first that the court’s sentence was illegal in that it purported to impose a one-year conditional discharge concurrently with one year of probation, and also purported to impose more severe punishment than is authorized in Alcoholic Beverage Control Law § 65-c.
While appellant next argues that the court also erred by suspending sentence and imposing probation, the record does not indicate that these actions were taken. The court’s supplemental letter dated August 28, 2000 indicates that the only reference to probation was that defendant was to report to that agency for the sole purpose of arranging to perform his community service obligation. Nothing in the record indicates a suspended sentence.
Appellant next argues that the court lacked authority to impose a conditional discharge for this particular offense because the only authorized sanctions are those specified in Alcoholic Beverage Control Law § 65-c itself.
The People argue that Alcoholic Beverage Control Law § 65-c clearly establishes that conduct which violates the section is a violation under the Penal Law. The People further suggest that since a conditional discharge is an authorized disposition, under appropriate circumstances (see, Penal Law § 65.05 [1]) for a violation, that such a sentence was authorized for an “adjudication” under Alcoholic Beverage Control Law § 65-c.
The People further argue that, assuming that the court had authority to impose a conditional discharge at all, the court had statutory authority under Penal Law § 65.05 (2) to choose which conditions to impose.
Appellant responds that Alcoholic Beverage Control Law § 65-c does not create a violation under Penal Law § 55.10 (3), so there is no basis for the imposition of a conditional discharge as a penalty or sanction.
Penal Law § 10.00 (3) defines a “violation” as “an offense, other than a ‘traffic infraction,’ for which a sentence to a term of imprisonment in excess of fifteen days cannot be imposed.” Penal Law § 10.00 (1) defines an “offense” as “conduct for which a sentence to a term of imprisonment or to a fine is provided by *908 any law of this state or by any law, local law or ordinance of a political subdivision of this state, or by any order, rule or regulation of any governmental instrumentality authorized by law to adopt the same.”
Penal Law § 5.05 (2) provides that, “Unless otherwise expressly provided, or unless the context otherwise requires, the provisions of this chapter [the Penal Law] shall govern the construction of and punishment for any offense defined outside of this chapter and committed after the effective date thereof.”
When Alcoholic Beverage Control Law § 65-c was enacted, the purpose of the bill was to remedy a problem. Before the enactment it was illegal to sell or give alcoholic beverages to minors (with exceptions) but not illegal for them to posses such beverages in public. As our society became more aware of the pervasive connection between consumption of alcohol and the commission of crime, it was perceived as necessary to provide law enforcement agencies with a way to get the alcohol away from underage drinkers in public, and to provide for a mild sanction to deter the behavior. Thus, the Division of State Police filed a memorandum in support of the proposed law, stating, in part, that it would “provide a mild deterrent sanction to the ‘minor’ who possesses the alcohol in a public place.” (Legislative Mem supporting L 1989, ch 592, 1989 McKinney’s Session Laws of NY, at 2219.)
Unfortunately, while the social policy addressed by the statute is clear, the statute itself is less so. It is unusual, in Anglo-American jurisprudence, to encounter a statute which speaks of a defendant being “summoned before and examined by a court.” Is the court both prosecutor and adjudicator? What is the standard of proof? Is the resulting adjudication civil in nature? The statute directly answers none of these questions. Clearly the statute, by its very terms, states that a resulting adjudication is not a criminal conviction. Nor may a person be arrested for violating the statute. Yet it speaks of a “charge,” and of a “fine” and “community service,” both of which are sanctions associated with criminal procedure. Indeed, these references lead the only court which has considered this statute in a reported decision to conclude that a criminal standard of proof, beyond a reasonable doubt, applies in such cases, and that the proof was inadequate in that case. (People v Cutten, 182 Misc 2d 531 [Allegany County Ct 1999].)
While the court is troubled by some of the obvious due process concerns apparent from examination of the statute, the parties have not questioned either the constitutionality of the *909 statute or the sufficiency of the evidence in this appeal, and the court therefore does not reach those questions.
While the court appreciates the clarity and careful reasoning of the court in Cutten (supra), this court must respectfully reach a different conclusion based on different issues and on statutory construction. Here the court is concerned solely with the legality of the imposed “sentence” or “sanctions,” and indirectly with the nature of the proceeding itself, and not with the standard of proof or sufficiency of evidence.
The question before this court is whether Alcoholic Beverage Control Law § 65-c creates an offense, as defined in the Penal Law. In order for the court to be able to impose the Penal Law sentence of a conditional discharge, the conviction must be for an offense which the Penal Law defines as eligible for such treatment. The problem with a conditional discharge for an adjudication of Alcoholic Beverage Control Law § 65-c is that the statute itself says that it does not result in a conviction. Absent this language in section 65-c, the statute would easily fit the Penal Law definition of an offense, since section 65-c prohibits conduct for which a fine is provided by a law of this State (Penal Law § 10.00 [1]). At least in terms of the Penal Law definitions, it is also a violation, since it is an “offense” other than a traffic infraction for which a sentence exceeding 15 days cannot be imposed. The rub of the matter comes when one considers Penal Law § 5.05 (2), which, as previously noted, directs one to apply the Penal Law as to punishments for offenses defined outside the Penal Law, unless the defining statute expressly provides otherwise or “the context otherwise requires.”
If Alcoholic Beverage Control Law § 65-c (4) did not contain the statement that an adjudication is not a conviction, it would be easy, under Penal Law analysis, to find that the statute defines a violation, as the term is used in the Penal Law. The question would then become whether the sentence, since authorized, was excessive. But the court cannot proceed with such analysis without ignoring the provisions in section 65-c (4), and that the court may not do. While the word “conviction” is not defined in the Penal Law, it is defined in the Criminal Procedure Law, as meaning “the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument.” (CPL 1.20 [13].)
The court is therefore persuaded, as nearly as may be discerned from the language of Alcoholic Beverage Control *910 Law § 65-c, that the Legislature intended there to define a civil, rather than a criminal, offense. That being the case, the range of sanctions available to the court upon an adjudication that the statute has been violated is limited to those sanctions provided in the same statute, namely a fine, referral to an alcohol awareness program and up to 30 hours of community service, or a combination of those three dispositions.
Since a conditional discharge is not a dispositional option available to the court, the “sentence” appealed from must be vacated. This court therefore takes corrective action, as authorized by CPL 470.15 (2) in the case of a criminal appeal and by CPLR 5522 (a) in the case of a civil appeal, and modifies the judgment by vacating the conditional discharge on the grounds that it was unauthorized, and by further modifying the provision relating to community service to reduce it from 30 to 20 hours, on the grounds that the imposition of the maximum authorized amount of community service, with nothing in the record to substantiate the need for such a decision, is harsh and excessive. As so modified, the civil adjudication that defendant violated Alcoholic Beverage Control Law § 65-c is affirmed, and the sanction of 20 hours of community service is imposed. So ordered.