John A. Sarcone III, Esq. Informal Opinion Town Attorney No. 2005-14 Town of Eastchester 40 Mill Road Eastchester, NY 10709
Dear Mr. Sarcone:
Your predecessor asked whether the Eastchester Town Attorney's Office is empowered to prosecute violations of section 65-c of the Alcoholic Beverage Control Law ("ABC Law") or if the prosecutions must be handled by the county district attorney. Although there is some authority to the contrary, for the reasons discussed below, we are of the opinion that a violation of section 65-c constitutes a criminal offense subject to prosecution by the district attorney, or someone acting with the proper authorization of the district attorney.
I. Background
ABC Law § 65-c prohibits a person under the age of 21 from possessing an alcoholic beverage with intent to consume it. This section provides:
1. [N]o person under the age of twenty-one years shall possess any alcoholic beverage . . . with the intent to consume such beverage.
. . .
3. Any person who unlawfully possesses an alcoholic beverage with intent to consume may be summoned before and examined by a court having jurisdiction of that charge; provided, however, that nothing contained herein shall authorize . . . a peace officer . . . or a police officer . . . to arrest a person who unlawfully possesses an alcoholic beverage with intent to consume. If a determination is made sustaining such charge the court may impose a fine not exceeding fifty dollars and/or completion of an alcohol awareness program . . . and/or an appropriate amount of community service not to exceed thirty hours.
4. No such determination shall operate as a disqualification of any such person subsequently to hold public office, public employment, or as a forfeiture of any right or privilege or to receive any license granted by public authority; and no such person shall be denominated a criminal by reason of such determination, nor shall such determination be deemed a conviction.
5. Whenever a peace officer . . . or police officer . . . shall observe a person under twenty-one years of age openly in possession of an alcoholic beverage . . . with the intent to consume such beverage in violation of this section, said officer may seize the beverage, and shall deliver it to the custody of his or her department.
6. Any alcoholic beverage seized in violation of this section is hereby declared a nuisance. The official to whom the beverage has been delivered shall, no earlier than three days following the return date for initial appearance on the summons, dispose of or destroy the alcoholic beverage seized . . . . Any person claiming ownership of an alcoholic beverage seized under this section may, on the initial return date of the summons . . . apply to the court for an order preventing the destruction or disposal of the alcoholic beverage seized and ordering the return of that beverage. . . .
ABC Law § 65-c.
II. Characterization of Section 65-c As a Criminal Offense
A threshold question that must be resolved in determining who may prosecute violations of section 65-c is whether the provision is properly categorized as a criminal or civil statute. New York courts have disagreed about this question. In People v. Cutten,182 Misc.2d 531 (Co. Ct., Allegany Co. 1999), the court stated that "a determination of violation of section 65-c is not to be considered a `conviction' in the literal sense," but concluded that the appropriate burden of proof in a section 65-c proceeding was "beyond a reasonable doubt" because "section 65-c speaks of a `charge' and prescribes a `fine' as a penalty." Id. at 533, 535. The court in People v. Knickerbocker, 185 Misc.2d 866 (Justice Court, Town of Dickinson 2000), likewise determined that, "while not a penal statute in the true sense of the word," and "[w]hile seemingly `civil' in its application, the statute must nevertheless comply with statutory and constitutional standards including due process." Id. at 867. Conversely, in holding that the penalty of conditional discharge could not be imposed for a violation of section 65-c, the court in People v. Ekman,185 Misc.2d 905
(Co. Ct., St. Lawrence Co. 2000) concluded that "the Legislature intended [in section 65-c] to define a civil, rather than a criminal, offense." 185 Misc.2d 905, 909-10.
After examining the text and legislative history of section 65-c, we are persuaded that, on balance, it is best construed as creating a criminal offense. First, section 65-c authorizes the imposition of a "fine," as opposed to a "penalty." A fine typically is a criminal sanction. See Penal Law § 10.00(1) (defining "offense" as "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state");In re Dumbarton Oaks Restaurant Bar, Inc. v. New York StateLiquor Authority, 58 N.Y.2d 89, 93 (1983) ("[O]ther sections of the [ABC L]aw . . . almost uniformly use the word `fine' to mean an exaction for a criminal violation imposed by a court. . . . That is, of course, the generally accepted meaning of the word.");People v. Cutten, 182 Misc.2d at 535 (use of word "fine" evidence that section 65-c requires criminal burden of proof); People v.Ekman, 185 Misc.2d at 908 (penalty of "fine" is sanction associated with criminal procedure).
Additionally, other provisions of the ABC Law explicitly distinguish between fines and civil penalties. Compare, e.g., ABC Law § 65-b(3) (minor who uses fraudulent identification to purchase alcohol is guilty of "violation," and is subject to "fine") with id. § 65-b(8) (person who sells information recorded from identification provided by minor wanting to purchase alcohol is subject to "civil penalty" of up to $1000) and § 65-d (person who does not post signs required to be displayed on premises licensed to sell alcoholic beverages subject to "civil penalty" of up to $100 a day). This distinction between "fines" and penalties for civil offenses suggests that the authorization of a "fine" for violation of section 65-c reflects the Legislature's intent to create a criminal, rather than a civil, offense[1].
Second, other terms used in section 65-c further indicate that the Legislature probably contemplated a criminal proceeding to enforce the statute. For example, the use of the word "charge" implies a criminal context. See, e.g., CPL § 1.20(3)-(8) (defining specific accusatory instruments as "written accusation[s]" that "charge" a person with one or more offenses; see also People v. Cutten,182 Misc.2d at 535 (use of word "charge" is evidence that section 65-c requires criminal burden of proof). Similarly, the reference to "summons" in section 65-c in lieu of an arrest is consistent with criminal proceedings. See CPL § 1.20(27) (definition of "summons"); see also Letter from Senator Cook, Sponsor of Senate Bill, July 13, 1989, Bill Jacket, L. 1989, ch. 592, at 10 ("A police officer observing such unlawful behavior may seize the alcoholic beverage and summon the alleged offender into court," and, "[a]lthough the person may be summoned into court, there is no authority for arresting a violator on that specific charge.") (emphasis in original).
In addition to these textual signals, the legislative history of section 65-c suggests that it creates a criminal offense. Thus, for example, the sponsor of the legislation explained,
An earlier draft of the bill provided that a violation of this section would not authorize a `search' of the person or the premises where the person was found. A concern arose that such a statutory statement could lead to suppression of evidence otherwise lawfully obtained. To avoid confusion[,] that reference was removed. However, the prohibition against arrest was retained to make it clear that the charge would not support an arrest.
Letter from Senator Cook, Sponsor of Senate Bill, July 13, 1989, Bill Jacket, L. 1989, ch. 592, at 10. This explanation appears to contemplate the application of criminal procedures to a violation of section 65-c. See also, e.g., Letter from Senator Farley, Sponsor of parallel Senate bill, July 6, 1993, Bill Jacket, L. 1993, ch. 389, at 5 (amending section 65-c) ("Furthermore, this bill provides another option that judges may use when handing down a sentence for violations of Section 65-c . . . .") (emphasis added).
It is nonetheless true that several provisions of the statute suggest that it might be regarded as a civil offense. Section 65-c provides (1) that law enforcement personnel may not "arrest" a minor unlawfully in possession of an alcoholic beverage, see ABC Law § 65-c(3); (2) that a person adjudicated to have violated the statute will not, by virtue of such a determination, be disqualified from holding public office or public employment or receiving any license granted by public authority or forfeit any right or privilege, see id. § 65-c(4); (3) that a person adjudicated to have violated the statute may not be denominated a "criminal" by virtue of such determination, see id.; and (4) that such a determination may not be considered a "conviction." See id. These provisions, however, seem intended to minimize the stigma upon a minor that an "arrest" or a "conviction" could have, rather than reflecting an intent to categorize a violation as a civil, rather than a criminal, offense. Cf. Vehicle and Traffic Law § 155
(the punishment imposed for a traffic infraction, which is defined in the CPL as a "petty offense," see CPL § 1.20(39), and is therefore a criminal offense, "shall not be deemed for any purpose a penal or criminal punishment . . . .") and Squadrito v.Griebsch, 1 N.Y.2d 471, 478 (1956) (the purpose of this language was to "prevent the offender's being adjudged and treated as a `criminal'").
Indeed, the inclusion of these provisions could be viewed as indicating that section 65-c creates a criminal offense. If section 65-c was intended to be a civil statute, the ameliorating language would have been unnecessary, because violation of a civil statute would not lead to these results. Importantly, section 65-b of the ABC Law contains substantially identical language, and explicitly characterizes an infraction of that provision as a "violation," id. § 65-b(5), which is criminal in nature. Cf. CPL §720.35(1) (a youthful offender adjudication is not a judgment of conviction for a crime or any other offense and does not operate as a disqualification to hold public office or employment or to receive any public license granted by public authority).
We are thus persuaded that while there are arguments on both sides of this question, section 65-c is appropriately construed as creating a criminal offense.
III. Authority to Prosecute
Under County Law § 700(1), the district attorney is authorized "to conduct all prosecutions for crimes and offenses cognizable by the courts of the county . . . ." (emphasis added). Because ABC Law § 65-c is best characterized as an "offense" within the meaning of the Penal Law, the district attorney is authorized to prosecute infractions of this provision[2].
We have previously recognized that, while the district attorney is responsible for prosecuting crimes and offenses within the county, the district attorney may consent to the prosecution of petty crimes and offenses by others, including municipal attorneys, as long as he is "kept aware of all of the criminal prosecutions in the county." People v. Soddano, 86 N.Y.2d 727 (1995); see also Op. Att'y Gen. (Inf.) No. 2005-12 (town attorney may, with proper authority, prosecute violators of laws governing control of dogs); Op. Att'y Gen. (Inf.) No. 98-14 (county attorney may, with proper authority, prosecute violators of county's mechanical trade laws); Op. Att'y Gen. (Inf.) No. 97-52 (village officials may, with proper authority, prosecute violations of village's local laws); Op. Att'y Gen. (Inf.) No. 90-8 (town attorney may, with proper authority prosecute violations of General Municipal Law § 136);cf. People v. Czajka, 11 N.Y.2d 253 (1962) (conviction after prosecution by deputy town attorney valid). As noted in Op. Att'y Gen. (Inf.) No. 2005-12, such authorization "may not divest the District Attorney of the ultimate discretionary judgment to initiate or resolve prosecutions."
We conclude that pursuant to County Law § 700(1), the district attorney is authorized to prosecute an ABC Law § 65-c offense. We further conclude that, with proper authorization of the district attorney, a town attorney may prosecute the section 65-c offense.
The Attorney General issues formal opinions only to officers and departments of State government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD
Assistant Solicitor General
In Charge of Opinions
[1] The authorization in section 65-c for a court to impose "an appropriate amount of community service not to exceed thirty hours" likewise suggests that the Legislature viewed the provision as criminal in nature. This language was added to bring section 65-c's penalties "into line with those that already exist for purchasing [an] alcoholic beverage through fraudulent means," i.e., section 65-b of the ABC Law. Letter from Senator Farley, Sponsor of parallel Senate bill, July 6, 1993, Bill Jacket, L. 1993, ch. 389, at 5; ABC Law § 65-b(3). Section 65-b, in turn, provides that a minor found guilty of the activity proscribed by that section is guilty of a "violation," ABC Law § 65-b(3), a type of "petty [criminal] offense." CPL § 1.20(39).
[2] We note that in each of the three published cases in which a violation of section 65-c was adjudicated, the prosecution was conducted by the district attorney. See People v. Ekman,185 Misc.2d 905
(Co. Ct., St. Lawrence Co. 2000); People v. Knickerbocker,185 Misc.2d 866
(Justice Court, Town of Dickinson 2000); People v. Cutten, 182 Misc.2d 531
(Co. Ct., Allegany Co. 1999).